[Sac. No. 504.  In Bank.—June 29, 1899.]

JOHN F. CAMPBELL et al., Respondents, v. MARY C. DRAIS, Executrix, et cetera, and W. N. RUTHERFORD, Executor, et cetera, Appellants.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—ORDER TO SHOW CAUSE—SERVICE OF NOTICE.—A probate sale of real estate made without the order to show cause required by section 1537 of the Code of Civil Procedure, and without the service or publication of notice required by section 1539 of that Code, is invalid and void.

ID.—WAIVER OF NOTICE TO MINOR HEIRS—AUTHORITY OF APPOINTED ATTORNEY.—The attorney appointed by the court to represent mi-

nor heirs, has no authority to represent them in a proceeding to sell the real estate of the decedent, until after the court has obtained jurisdiction of their persons by the service of notice upon them; and he has no authority to waive such notice.

ID.—APPEARANCE OF APPOINTED ATTORNEY—PROOF OF SERVICE OF NOTICE.—The provision of section 1718 of the Code of Civil Procedure, as it stood in 1874, that the appearance of the appointed attorney is sufficient proof of service of notice on the parties he represents, implies that there must be notice to the parties and service thereof in fact prior to such appearance; and when the contrary appears affirmatively, such attorney could not waive both notice and service.

ID.—AVOIDANCE OF PROBATE SALE— STATUTE OF LIMITATIONS— RECOGNITION OF TITLE OF HEIRS—TENANCY IN COMMON.—The statute of limitations of three years prescribed by section 1573 of the Code of Civil Procedure, within which the heirs of the decedent may avoid a sale made by an executor or administrator, does not run where it appears that the heirs had no cause of action against the purchaser; and where the purchaser recognized the title of minor heirs, and held and continued to hold for them during their minority and after their majority, as tenant in common with them, they have no cause of action against him and are not barred by that section of the code during such recognition of their title, and holding of the purchaser for them.

ID.—QUIETING TITLE OF HEIRS—NOTICE TO MORTGAGEE OF PURCHASER—DEED UNDER FORECLOSURE—RUNNING OF STATUTE.— The statute of limitations does not begin to run against an action by the heirs of the decedent to quiet their title, in favor of a defendant who claims title under the foreclosure of a mortgage executed by the purchaser at a void probate sale, and who took the mortgage with notice of the rights of the heirs, until the mortgagee received the sheriff's deed, and attempted to obtain possession thereunder, adversely to the heirs.

ID.—DEFENSE TO FORECLOSURE—CAUSE OF ACTION BY HEIRS.—The heirs could not set up their paramount title as a defense in the action to foreclose the mortgage; and they were not called upon to commence any action until an adverse right was claimed under the sheriff's deed.

ID.—RETURN OF MONEY PAID—ESTOPPEL.—The return of the portion of the purchase money received by the minor heirs upon distribution of the estate, need not be returned to one who obtained a sheriff's deed under foreclosure of a mortgage against the purchaser at the probate sale, as a condition of quieting their title against him; nor can he claim any estoppel as against the heirs where he took his mortgage with notice of their rights.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Nicol & Orr, W. B. Nutter, and Minor & Ashley, for Appellants.

The cause of action is barred by the provisions of sections 1573 and 1574 of the Code of Civil Procedure, which absolutely preclude recovery by heirs of property sold by an executor or administrator unless action is brought within three years next after the settlement of the final account of the executor or administrator, or three years after the removal of disability. (*Harlan v. Peck*, 33 Cal. 520; 91 Am. Dec. 653; *Fisher v. Bush*, 133 Ind. 319; *Richardson v. Butler,* 82 Cal. 175, 181; 16 Am. St. Rep. 101.) The heirs cannot recover the land and retain the purchase price. (*Maple v. Kussart*, 53 Pa. St. 352; *State v. Stanley*, 14 Ind. 412; *Evans v. Snyder*, 64 Mo. 516; *Storrs v. Barker*, 6 Johns. Ch. 166; 10 Am. Dec. 316; *Bumb v. Gard*, 107 Ind. 575; *Fisher v. Bush, supra*; *Spragg v. Shriver*, 25 Pa. St. 284; 64 Am. Dec. 698; *Smith v. Warden*, 19 Pa. St. 430; *Commonwealth v. Shuman*, 18 Pa. St. 346; *Robertson v. Bradford*, 73 Ala. 116; Freeman on Void Judicial Sales, sec. 53.) The probate sale is valid as against a collateral attack. (Van Fleet on Collateral Attack, sec. 806; *Burris v. Kennedy*, 108 Cal. 337; *In re Eichhoff*, 101 Cal. 604; *Stuart v. Allen*, 16 Cal. 501; 76 Am. Dec. 551; *Richardson v. Butler, supra*; *Dennis v. Winter*, 63 Cal. 17; *Burris v. Adams*, 96 Cal. 667; *Richardson v. Musser*, 54 Cal. 197; *Robinson v. Fair*, 128 U. S. 89, 90.) The mortgage was in fee, and was in effect a conveyance in fee. (*Clark v. Baker*, 14 Cal. 612; 76 Am. Dec. 449.)

Smith & Grant, for Respondent.

The possession of Church, who stood in *in loco parentis* (Civ. Code, sec. 209), and who recognized the title of the minors, was the possession of the minor heirs as being a tenant in common with them (*Tevis v. Hicks*, 38 Cal. 234; *Unger v. Mooney*, 63 Cal. 586, 591; 49 Am. Rep. 100); and the heirs had no cause of action against him, and section 1573 could not apply. (*Gage v. Downey*, 94 Cal. 250, 251.) The probate sale was void. (Code Civ. Proc., secs. 1537-39; *Gharky v. Werner*, 66 Cal. 388; *In re Devoe's Estate*, Myrick's Prob. Rep. 6; *Estate of Mercedes*, My-

rick's Prob. Rep. 75; *Pryor v. Downey,* 50 Cal. 398; 19 Am. Rep. 656; *Burris v. Kennedy,* 108 Cal. 344.) The mortgagee took under the mortgage and foreclosure thereof only the interest of the mortgagor. (*Mahoney v. Middleton,* 41 Cal. 41; *Gates v. Salmon,* 35 Cal. 576; 95 Am. Dec. 139.)

McFARLAND, J.—This is an action to quiet title to the undivided half of a certain piece of land described in the complaint. The plaintiffs are the children and heirs-at-law of John A. Campbell, deceased, who died May 21, 1873, seised in severalty of the whole of said tract of land, and it is conceded that the plaintiffs, as heirs of said decedent, are the owners of the undivided half of the land sued for, unless their title thereto has passed, either by virtue of a probate sale made in the administration of the estate of the decedent in 1874, or has been lost to them by the operation of the statute of limitations. Judgment in the lower court went for plaintiffs, and defendants appeal from the judgment and from an order denying their motion for a new trial.

Appellants claim title, first, as purchasers under the foreclosure of a mortgage made to M. J. Drais, now deceased, by one Church, and contend that Church had title through mesne conveyances by virtue of a probate sale of the property in 1874. We are satisfied, however, that the probate sale was invalid and void. The petition under which the sale was made was filed on the seventeenth day of January, 1874, and is as follows: "The petition of C. A. Campbell, administrator of the estate of said deceased, respectfully shows that heretofore, to wit, on the fourteenth day of October, 1873, petitioner filed his petition praying for an order of sale of certain real estate, and showing the necessity therefor; that owing to a mistake in the inventory on file, the real property set forth in said petition did not belong to said estate; that therefore the order heretofore granted has become ineffectual; that a new inventory has been filed correctly describing the real estate belonging to said estate; that the facts which constitute the necessity for selling the real estate belonging to said estate still exists and are as set forth in said former petition, to which reference is hereby made, and petitioner prays may be taken as a part hereof; that a hotel constitutes a portion of the improvements on the real estate

belonging to said estate, which said hotel contains furniture
for the use thereof; that said furniture is worth about two hun-
dred and thirteen dollars and sixty cents.   Wherefore petitioner
prays that an order of sale be granted authorizing said adminis-
trator to sell said real estate and furniture at public sale, and
for such further order as may be proper." (Signed by the at-
torney for the administrator and verified by the latter.)   (It
appears that a former petition for the sale of the property had
been filed October 14, 1873, but that on account of the sup-
posed insufficient description of the property it had been aban-
doned.)   On the same day on which the second petition, above
quoted, was filed, to wit, January 17, 1874, the order for the
sale was made, and under this order the sale took place; and
it is evident that the order for the sale made under these
circumstances was invalid and void.   Section 1538 of the Code
of Civil Procedure provides that to obtain an order for the
sale of real property a petition in writing must be made to
the superior court setting forth certain facts; and section
1537 provides that, if it appears to the court from the petition
that it is necessary to sell the real estate, an order must be
made directing all persons interested in the estate to appear
before the court at a time and place specified, not less than
four nor more than ten weeks from the time of making such
order, to show cause why an order should not be granted to the
executor or administrator to sell so much of the real estate of
the decedent as is necessary; and section 1539 provides that a
copy of the order to show cause must be personally served on
all persons interested in the estate, including the heirs, at least
ten days before the time of hearing, or be published four suc-
cessive weeks in such newspaper as the court shall direct.   In
the case at bar no such notice to show cause was made, and no
service of any kind was made upon the respondents herein, who
at that time were all minors, the oldest of them being only
about twelve years old.   The respondents contend that the peti-
tion did not give jurisdiction because it contained no description
of the property to be sold; but if it could be held that a refer-
ence to various documents referred to in the petition might,
under a very liberal construction, show a sufficient description
of the property, still the absence of any order to show cause and

of any service of the notice upon respondents are fatal to the validity of the sale. And this difficulty is not obviated by the fact that one Hall, who had been appointed attorney for minor heirs, did, on the date when said petition was made, file with the court a document of which the following is a copy: "Waiver of notice. The undersigned attorney, appointed to represent the minor heirs during the settlement of said estate, hereby waives notice of hearing of petition for sale of said real estate, and assents to an order of sale as prayed for in said petition, and for the reasons and causes therein stated." The attorney for minor heirs can represent them only in a proceeding which has been duly inaugurated and in which the court has already jurisdiction of the minors by such service of summons or notice as the code provides; he cannot waive their rights, or by any of his acts invest the court with jurisdiction of their persons which it had not already acquired. Section 1718, which provides that "at or before the hearing of petitions . . . . for sales of real estate" the court may appoint some attorney to represent minors, evidently refers to some particular proceeding, and, taken in connection with other provisions of the code, clearly contemplates a proceeding in which the court has already acquired jurisdiction of the minors. Such was the ruling of the court touching the appointment of a guardian *ad litem* in *Gray v. Palmer*, 9 Cal. 628, where it was said: "The court had no right to appoint a guardian *ad litem* until the infant was properly before the court"; and in *Galpin v. Page*, 18 Wall. 365, the court say that the record showed "that the district court never acquired jurisdiction over the person of Franklina C. Gray in one of the actions, and therefore had no more authority to appoint a guardian *ad litem* for her in that action than it had to appoint attorneys for the other defendants." These principles apply here; for while probate proceedings are at least *quasi* proceedings *in rem*, yet where the statute provides for the service of notice upon persons the same rule applies as in ordinary civil actions. The probate court, therefore, had no jurisdiction to make the order of sale under which appellants claim, and the sale was invalid and void. The fact that in 1874 section 1718 provided that "the appearance of the attorney is sufficient proof of the service of the notice on the parties he is appointed to

represent" does not change the principle; this language implies that there must be notice to the parties and proof of the service of such notice, and merely means that after such service the "appearance" of the attorney, under certain circumstances, may be taken as sufficient proof of the fact of service. But in the case at bar it appears affirmatively that there was neither notice nor service, and that the attorney undertook to "waive" both.

The court below correctly held that the action was not barred by sections 318, 319, 320, and 1573 of the Code of Civil Procedure, or either of them. The sale under the probate order was made to one Hewitt, to whom in March, 1874, an administrator's deed was given, which purported to convey to Hewitt in severalty the whole of the tract of land of which the undivided half is involved in this action. Hewitt held and occupied the land for a few days, and on March 11, 1874, conveyed the same by deed in severalty to one Cross, who held and occupied the same until February, 1876, when he conveyed the land by deed purporting to convey the whole in severalty to one Church, who at that time entered into the possession of the land, and has been in possession ever since. While Cross was in possession he allowed the widow of John A. Campbell, deceased, to build a house upon a portion of the land and to occupy it with her minor children, and in 1876 Church married the widow, and the children continued to live on the land with Church and their mother during and after their minority. They were raised and treated by Church substantially as if they had been his own children. Perhaps the evidence does not quite warrant the finding of the court that during all this time Church recognized the children as owning an undivided one-half, and held possession as a tenant in common with them. It is probable that for a period exceeding the statutory limitation of five years Church thought that he owned the land in severalty and treated it as if he so owned it. During most of that time, however, the plaintiffs were minors. Sometime between 1886 and 1890 Church told at least one of the plaintiffs that they, the children, had an interest in the property, and in 1890, and before the execution of the mortgage to Drais, under which appellants claim, he said to all the plaintiffs that they owned one-half.

Moreover, before Drais took the mortgage in December, 1890, Church informed him that the children owned one-half; and called his attention to an abstract of title showing that fact, and, after considerable conversation between them upon the subject, Drais agreed to take the mortgage with the knowledge that although it covered the whole title to the land, yet it probably would be good for only an undivided one-half. All the plaintiffs had attained their majority a little more than three years before the commencement of this action, and the final account of the administrator of the estate of Campbell, deceased, had been settled more than three years before the commencement of the action; and therefore appellants contend that the action is barred by section 1573 of the Code of Civil Procedure, which provides that no action shall be maintained for the recovery of an estate sold by an executor or administrator unless it be commenced within three years next after the settlement of the final account; but plaintiffs had no cause of action against Church, for he acknowledged their title and was holding for them as a tenant in common, and they could not have litigated their title in the foreclosure suit because they held by a paramount title and not under the mortgagor. They were not, therefore, called upon to bring any action until the purchasers under the foreclosure judgment sought to gain possession under their title founded upon that judgment.

The money which Hewitt paid for the land at the original administrator's sale was used partly to pay off debts of the estate, and there was a residue which was distributed, and a part of the money so distributed was received by the plaintiffs; and it is contended by appellants that this fact estops the plaintiffs from bringing this suit, and that, at all events, they cannot maintain the suit while retaining that money. Whether minor heirs who are merely passive during the administration of an estate, and enter, themselves, into no contracts, are bound to restore money which comes to them upon a void sale, is a question not necessary to be here determined (see *Hill v. Den,* 54 Cal. 6), for this principle would not apply here; there is no reason why the money, under any view of the law, should be paid to these present appellants, and there are no elements of estoppel here because Drais took his mortgage having knowledge

of the true state of the title, or the means of acquiring it. If the affirmance of the judgment works any injustice to the appellants, we see no way under the law to prevent it.

The judgment and order appealed from are affirmed.

Henshaw, J., Harrison, J., Garoutte, J., and Van Dyke, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.