[S. F. No. 1434.  Department One.—July 18, 1900.]

H. A. BELTAIRE et al., Appellants, v. GEORGE ROSEN-BERG & SON et al., Respondents.

ATTACHMENT—CONTRACT MADE AND PAYABLE OUT OF STATE—BILL RENDERED—ACCOUNT STATED.—Where an express contract was made in the state of New York for the manufacture and sale of hats to be shipped to San Francisco, and paid for in New York, a new and independent contract upon an account stated in this state, upon which an attachment would lie, did not arise from the sending of a bill for hats shipped, with request for return of check, the amount of which was not disputed, but to which response was made complaining of the styles and dimensions of hats shipped, and proposing to send a list of what would be desirable on this coast, and asking if the manufacturers could use a certain kind of hats which could not be disposed of, and requesting patience in money matters. An attachment based upon an account stated, under these circumstances, was properly dissolved.

ID.—ACCOUNT STATED, HOW CONSTITUTED.—An account stated, in order to constitute a contract, must show upon its face that it is intended to be a final settlement to date, which should be expressed with clearness and certainty.

ID.—EVASION OF ATTACHMENT LAW.—Where a contract is made and is payable out of this state, the requirements of the attachment law cannot be evaded or annulled by the creditor sending to his debtor in this state a note or memorandum of the amount due, and thereupon, in case the claim is not disputed, commencing proceedings in attachment as upon a new contract made in this state.

APPEAL from an order of the Superior Court of the City and County of San Francisco dissolving an attachment. John Hunt, Judge.

The facts are stated in the opinion of the court.

Fox & Gray, for Appellants.

A. Ruef, for Respondents.

VAN DYKE, J.—This is an appeal from an order dissolving an attachment. From the affidavits and exhibits used on the motion to dissolve the attachment, embodied in the bill of exceptions, it appears that the defendants reside in and do business in the city and county of San Francisco; that the plaintiffs reside in the city of New York, and are engaged in the business of manufacturing hats in said city; that on or about the first day of August, 1897, Charles Rosenberg, one of the defendants, while in said city of New York, entered into a contract with the plaintiffs for the manufacture of a large number of hats, and to ship the same when manufactured to the defendants in the city and county of San Francisco; that by the terms of the purchase so made in the city of New York it was agreed between the plaintiffs and said Rosenberg that the defendants should have sixty days' time to pay for said hats, and that such payments were to be made in New York. In accordance with this agreement of purchase the plaintiffs manufactured and shipped to the defendants said hats so purchased, and sent a statement or bill of the same, a copy of which is as follows:

"Statement.

"New York, September 30, 1897.

"M. Rosenberg & Son, San Francisco, Cal., to Beltaire, Lurch & Co., Dr., Manufacturers of Fine Stiff and Soft Hats, 22 and 24 West 3rd street. Factory, Danbury, Conn.

"60 days dating.

| | |
|---|---:|
| Aug. 13 | $222.00 |
| Aug. 30 | 192.00 |
| Sept. 8 | 186.00 |
| Sept. 16 | 2.75 |
| Sept. 24 | 72.00 |
| | $674.75 |
| Sept. 17, by mdse | 1.00 |
| | $673.75 |

"Dear Sir: Please favor us with check for above by return of mail. If not remitted for by ——— inst. we shall take the liberty of drawing for same, as is our custom.

"Respectfully yours,

"BELTAIRE, LURCH & CO."

Under date of New York, November 1, 1897, another copy of the same statement was sent by mail in a letter to defendants, in which letter they say: "We inclose herewith a statement of your account, for which we would be pleased to receive your check, as the sum is now due." To which defendants replied by letter from San Francisco, in which they say:

"In regard to the hats you sent us we have had fair success, but would have done much better if you would had sent us larger shapes and no hats lined. It is very hard to dispose of small shapes, also lined hats, on this coast. The bottle green hats we could not dispose of, but have sold all the other colors— can you use the same?

"As soon as we get time we will write you a list exactly what style and dimensions sell best on this coast.

"In regard to money matters, we would ask you to have patience with us until we get our returns from fall sales, which will be shortly.          Yours,

"G. ROSENBERG & SONS."

The action was commenced December 9, 1897, for the sum of six hundred and seventy-three dollars and seventy-five cents, the amount contained in the statement sent out to the defendants, and the affidavit on which the attachment was issued states that the action is founded upon contract, to wit, an account stated, which was made in this state.

It is not disputed on the part of the appellants that the transaction between the parties was as stated—that is, the contract of purchase of the goods was made in New York by one of the defendant firm with the plaintiffs, to be paid for on sixty days' time in the city of New York upon the delivery of the goods here.   But it is contended that a new contract sprang up in the nature of an account stated upon the receipt here by the defendants of the bill of the goods mailed by plaintiffs in New York, inasmuch as said defendants did not repudiate or refuse to pay said bill.

To constitute an account stated "it must appear that at the time of the accounting certain claims existed, for and concerning which an account was stated; that a balance was then struck and agreed upon, and that defendant expressly admitted that a certain sum was then due from him as a debt.   Hence, it follows that an account cannot be stated with reference to a debt payable on a contingency." (2 Chitty on Contracts, 11th Am. ed., 962.)   Here it is shown from the correspondence between the parties that the defendants, upon receiving the bill of goods, wrote to the plaintiffs that they were unable to dispose of certain kinds of hats sent out, and said: "Can you use the same?"   It appears, also, that other hats were to be ordered.

In speaking of an account stated, this court in *Coffee v. Williams*, 103 Cal. 556, says: "But the account, in order to constitute a contract, should appear to be something more than a mere memorandum; it should show upon its face that it is intended to be a final settlement up to date.   And this should be expressed with clearness and certainty."   The facts here did not bring this case within the rule in reference to an account stated so as to constitute a new and independent contract.   According to the contention of appellants, in case of any contract made and payable outside of this state it would only be necessary for the creditor to send to his debtor in this state a note

or memorandum of the amount due, and thereupon, in case the claim was not disputed, commence proceedings in attachment as upon a new contract made in this state. This would be a simple and easy mode of annulling or evading the law authorizing the summary process of attachment. We cannot agree with this contention of appellants; it would not be in accordance with the letter or spirit of the law, which permits an attachment only "where the contract is made or is payable in this state."

"Proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed, or no rights will be acquired thereunder." (*Gow v. Marshall*, 90 Cal. 567; *Rudolph v. Saunders*, 111 Cal. 233.)

The order is affirmed.

Harrison, J., and Garoutte, J., concurred.