[S. F. No. 10664.   In Bank.—November 17, 1924.]

GEORGE PEAK, Appellant, v. REPUBLIC TRUCK SALES CORPORATION (a Corporation), et al., Respondents.

[1] CONTRACTS — PLEADING — ACCOUNT STATED. — Where a complaint alleged that by the terms of two agreements an account was stated between plaintiff and defendants whereby the latter agreed that they were indebted to plaintiff in a specified sum which they were to pay in part by their certain promissory note and in part by the cancellation of a chattel mortgage which they held against plaintiff, and then proceeded to set forth the further terms of said two agreements to the effect that the defendants had therein agreed to buy from plaintiff a quantity of personal property which the complaint alleged was tendered to defendants but which they refused possession of (except as to certain articles thereof), and

still further alleged that plaintiff held such property subject to the order of defendants, that the latter had not paid the sum evidenced by the note, nor had they canceled said chattel mortgage, that plaintiff had fully performed his part of said agreements, and that defendants were indebted to plaintiff in said specified sum, something more than a mere action upon an account stated was shown by such complaint, and how much more it was than such an action remained to be ascertained by the trial court when the said two agreements should be produced *in haec verba* before it, either in the pleadings or proofs of the parties.

[2] ID.—SALE OF MOTOR-TRUCKS AND EQUIPMENT—ACTION TO RECOVER PURCHASE PRICE — PLEADING — ACCOUNT STATED. — In this action purporting to be upon an account stated based upon two agreements between plaintiff and defendants, notwithstanding the plaintiff's allegations and defendants' inadvertent admission that the action was one upon an account stated, the text of said two agreements, and the pleadings when considered as a whole, show that the action was really an action for the purchase price of certain motor-trucks and equipment to be sold and delivered by plaintiff to defendants and to be by them paid for in the manner provided for in said agreements and in amounts to be ascertained at the time of such delivery, the recovery of which price by the plaintiff was dependent upon the performance upon his part of the terms and conditions of said agreements in relation to his ability to deliver the personal property so to be sold and paid for.

[3] ID.—PLEADING—UNCERTAINTY IN ANSWER—PLAINTIFF RESPONSIBLE FOR—ESTOPPEL.—In such action, the plaintiff cannot be heard to complain of the ruling of the trial court in overruling his demurrer to defendants' answer upon the ground of uncertainty, the alleged uncertainty consisting in the apparent conflict between defendants' admission that the plaintiff's cause of action was upon an account stated and the subsequent setting forth *in haec verba* of the written agreements showing that the action was not founded upon any statement of account, where for whatever uncertainty there may have been in defendants' answer in this regard the plaintiff was himself responsible because upon the face of his own complaint the same uncertainty appeared.

[4] ID.—PLEADING—UNAMBIGUOUS WRITING—PLEADING INCONSISTENT WITH—SURPLUSAGE.—When a pleader sets forth in his pleading what he either admits or alleges to be the substance or legal effect of an instrument in writing and in the same pleading sets forth *in haec verba* the written instrument itself, if the latter is unambiguous, the matter in the pleading inconsistent with the text of the writing will be treated as surplusage.

2.    The law of accounts stated, note, 136 **Am. St. Rep.** 37.    See, also, 1 **Cal. Jur.** 189; 1 **R. C. L.** 208.

[5] ID.—ACCOUNT STATED—FINDINGS—ISSUES.—In such action, plaintiff's contention, that the findings of the trial court are not within the issues, having been wholly based upon the untenable theory that the only issue in the case was as to whether there existed an account stated between the parties, is without merit.

[6] ID.—ISSUES—INTERPRETATION OF CONTRACTS.—In such action, the embodiment of the two written agreements *in haec verba* in the defendants' answer constituted an all sufficient response to the plaintiff's summarized interpretation of their terms and put in issue the whole subject of the making and terms of said agreements and whether they were or were not performed.

[7] ID.—PLEADING—ISSUES—FINDINGS.—In such action, the trial court having expressly found the existence of the agreements in question as forming the basis of the plaintiff's claim of a right to recover, and having interpreted the contracts as to their substance and legal effect, it was not required further to make findings as to averments and denials in the pleadings which were in the main conclusions of law as to the meaning and effect of the contracts; and the findings made by the trial court were not, therefore, subject to the criticism that they were not responsive to the issues of fact presented by the pleadings in the case.

[8] ID.—INABILITY OF PLAINTIFF TO DELIVER PROPERTY—FINDINGS—ABSENCE OF INCONSISTENCY.—In such action, the trial court having correctly interpreted the agreements in question to amount to agreements for the purchase by the defendants and the sale and delivery by the plaintiff of certain personal property at prices which were determined by the parties pursuant to the agreements, so that nothing remained to be performed by the respective parties but the delivery on the one part and the payment on the other in the manner fixed by said agreements, there was no inconsistency or contradiction in the main and essential finding to the effect that while the defendants stood ready to carry out the terms of said contracts on their part to be performed, the plaintiff had become unable to make delivery in the main of the property or to perform, except in certain minor respects, the covenants of said agreements in that regard.

[9] ID. — PAYMENT — JUDGMENT—FINDINGS—PRESUMPTIONS.—In such action, the trial court having found that plaintiff did in fact deliver to defendants certain items of personal property of certain values, and the main contract between the parties having contained an acknowledgment by plaintiff of an indebtedness to defendants at the time of the execution thereof which was greatly in excess of said values, and the answer of defendants having contained the averment that at the time of the commencement of the action and the filing of said answer plaintiff was indebted to defendants in a sum in excess of the indebtedness acknowledged by the main contract, it may well be inferred from the general finding to the effect

that there was no sum due, owing, or unpaid to plaintiff from defendants that the trial court in making it took into account the fact, sufficiently shown by the plaintiff's acknowledgment in the contract before it, that the balance as to indebtedness was very much in the defendants' favor, and hence that it was not bound to render judgment in the plaintiff's favor for the comparatively small amount of said personal property admittedly delivered by him.

[10]  ID. — INDEBTEDNESS — EVIDENCE — APPEAL—FINDINGS—PRESUMPTIONS.—In such action, if the plaintiff wished to controvert upon appeal the fact as to his indebtedness to the defendants in a large sum at the date of the judgment for defendants, it was his duty to bring the evidence before the appellate court showing the truth in that regard instead of complaining at the absence of a finding upon that subject which, in so far as the record discloses, must have been against him. Upon his appeal on the judgment-roll alone and upon the state of its imperfect record, it must be presumed that the general finding of the trial court that the defendants owed the plaintiff nothing was fully justified by the evidence.

[11]  ID. — INDEBTEDNESS — COUNTERCLAIM — DEFENSE — PLEADING — JUDGMENTS.—In such action, one of the contracts between the parties having shown that the indebtedness acknowledged therein by plaintiff was not one which arose out of the transaction set forth in the complaint as the foundation of plaintiff's claim, but that it arose out of other, prior, and independent transactions between the parties, while, therefore, the proper subject of a counterclaim under section 438 of the Code of Civil Procedure, it was not such a counterclaim as the defendants were bound to assert under section 439 of said code; and as to such a counterclaim the defendants could simply rely upon its existence as a defense *pro tanto* to the plaintiff's recovery and plead it as such, and the trial court taking it into account as purely defensive matter, would, if it exceeded the plaintiff's established claim, be entitled to make a general finding that there was nothing due, owing, or unpaid from the defendants to plaintiff, leaving the parties to adjust their differences in another action brought by the defendants against the plaintiff to recover upon their superior claim.

[12]  ID. — CONSTRUCTION OF CONTRACTS — INDEBTEDNESS—FINDINGS—APPEAL.—In such action, where one of such contracts provided that for whatever sum or sums were to become due to the plaintiff by virtue of the delivery by him of any portion of the personal property he was to receive credit *pro tanto* upon the indebtedness admittedly due by him to defendants, and conceding, therefore, that he had become entitled to a judgment in his favor for the amount of the personal property so delivered by him, without an affirmative showing and finding to the effect that the amount so

194 Cal.—50

delivered had fully paid the amount of his aforesaid indebtedness, the finding that the defendants were not indebted to plaintiff in any sum whatever negatives the idea that his deliveries of said property had fully paid the indebtedness to which by the terms of said contract it was to be applied, and the correctness of that finding cannot be assailed upon an appeal which is based upon the judgment-roll alone.

---

(1) 1 C. J., p. 723, sec. 381 (1926 Anno.).    (2) 35 Cyc., p. 549.
(3) 4 C. J., p. 703, sec. 2612 (1926 Anno.).    (4) 31 Cyc., p. 564.
(5) 4 C. J., p. 701, sec. 2609.    (6) 13 C. J., p. 735, sec. 871 (1926 Anno.).    (7) 35 Cyc., p. 579; 38 Cyc., p. 1970.    (8) 35 Cyc., p. 579.
(9) 4 C. J., p. 778, sec. 2728.    (10) 4 C. J., p. 777, sec. 2727.
(11) 34 Cyc., pp. 689, 761.    (12) 4 C. J., p. 777, sec. 2727; 35 Cyc., p. 578.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gavin McNab, Nat Schmulowitz and A. D. Duncan for Appellant.

Frank Hall and Ferard, Leicester, Preston & Duncan for Respondents.

RICHARDS, J.—This is an appeal by plaintiff from a judgment in the defendants' favor and for their costs. The appeal is upon the judgment-roll. The action was one to recover from the defendants the sum of $95,879.18, based upon two alleged agreements in writing entered into between the plaintiff and the defendants, the terms of which it is alleged the defendants have violated. The plaintiff does not plead these written agreements separately or *in haec verba* in his complaint, but undertakes to set them up according to his interpretation of their legal effect. He alleges in the early part of his complaint that by the terms of said agreements an account was stated between said plaintiff and said defendants whereby the said defendants agreed with said plaintiff that the sum of $95,879.18 was due and owing from said defendants to said plaintiff and said defendants then and there agreed by the terms of said writings

to pay the said plaintiff the last mentioned sum, which payment was to be made in the following manner, viz.: That as to $60,399.18 thereof the defendants were to pay the same by the execution and delivery by defendants to said plaintiff of their certain promissory note for said sum payable in six months after date with interest thereon at seven per cent per annum, which said promissory note was to be secured by sufficient collateral to enable the same to be indorsed by plaintiff without recourse to a certain bank; and as to the remainder of said total sum so agreed to be due, viz., the sum of $35,480, the defendants were to satisfy and discharge of record a certain chattel mortgage theretofore executed and delivered by said plaintiff to said defendants, on which there remained unpaid said last-mentioned sum, and to cancel and deliver to said plaintiff his promissory note for said sum, for which said chattel mortgage was given as security.   Had the plaintiff stopped at this point in his attempt to set forth in substance and effect the terms of said alleged two written agreements it could not be doubted that the action was an ordinary action involving an account stated between the parties thereto; but the plaintiff proceeded to set forth the further terms of said two agreements to the effect that the defendants had therein agreed to buy from said plaintiff and said plaintiff had agreed to sell to said defendants a quantity of personal property, particularly described in said contracts, and that said plaintiff had thereafter tendered to said defendants the possession of said property, but the said defendants had refused to take possession thereof (except as to certain specified articles thereof) and that all of the residue of said personal property is held by the plaintiff subject to the order of said defendants.   It is then alleged that the defendants have not paid to said plaintiff the said sum of $60,399.18, or any part thereof, and have not satisfied and discharged said chattel mortgage of record; that the plaintiff has fully performed all of the terms and conditions of said agreements on his part to be performed and that there is now due, owing, and unpaid pursuant to said agreements the sum of $95,879.18, for which he prays judgment, together with interest and costs. [1] Aside from certain patent uncertainties in this complaint, it is manifest that it is something more than a mere action upon an account stated,

and that how much more it is than such an action remained to be ascertained by the trial court when the said two contracts should be produced *in haec verba* before it, either in the pleadings or proofs of the parties. The answer of the defendants purported to set forth as exhibits thereto and by reference made a part thereof said two written agreements. From the first of these written agreements it appeared by recital that there had been a previous course of dealing between the parties hereto as parties to said agreement wherein the plaintiff had been the distributor in this region of Republic trucks and Republic truck parts under various agreements between himself and one or both of said defendants; and that the said parties mutually desired to cancel all previous agreements which had existed between them. They therefore agreed that the party of the second part thereto, the plaintiff herein, was to sell and transfer to the parties of the first part, these defendants, certain specified personal property consisting in the main of motor-trucks and truck parts for certain specified prices which, while set forth in said agreement in connection with each parcel of said personal property so to be transferred, was subject, as to the larger portion thereof consisting of Republic truck parts embraced in an inventory attached to said agreement, to readjustment at the time of the delivery of said inventoried property, when a rechecking of the items thereof was to be had; and also the certain allowances to be made for missing parts of the motor-trucks to be transferred by said agreement. The said agreement further recites that the party of the second part thereto (the plaintiff herein) acknowledges himself indebted to the parties of the first part thereto (the defendants herein) in the sum of $47,740.14, of which the sum of $35,480 was secured by a chattel mortgage upon certain motor-truck parts. Even as to this stipulated indebtedness the agreement provides that the exact figures thereof are to be ascertained both as to the amount due upon the mortgage and upon that portion of said indebtedness standing in open account. As to this entire indebtedness it was agreed between the parties that it was to be discharged and said mortgage satisfied by the delivery by the second party to the parties of the first part of a sufficient quantity of personal property to be transferred to the latter under this agreement to satisfy said

indebtedness.   It was further agreed between the parties that upon the taking effect of said agreement and upon the delivery by the party of the second part (the plaintiff herein) of the property to be by him sold and transferred to the parties of the first part (the defendants herein) and upon the making certain of the specified uncertainties as to the amounts respectively due or to become due between the parties thereto, the parties of the first part were to execute and deliver to the party of the second part their certain promissory note secured by bankable collateral for whatever balance was then determined to be due on account of the purchase price of said personal property over and above the amount thereof to be paid through the satisfaction of the said indebtedness acknowledged to be due from the party of the second part as the same might be then ascertained. The second of the two agreements upon which the plaintiff's cause of action was founded and which was set forth in full in the defendants' answer, was an agreement supplementing the former one and providing for the purchase by the defendants herein from the plaintiff herein of certain motor-trucks which the plaintiff herein binds himself to deliver to the defendants at specified prices as requested by the defendants during the ensuing year and for which the defendants agree to pay in cash upon delivery the prices set after the number of each of said trucks in an exhibit attached to said agreement.   [2]   It will thus be seen from the text of these two agreements that although the plaintiff purported in his complaint to count upon a cause of action upon an account stated but based upon the two agreements above summarized, that his cause of action was not upon an account stated but was for the purchase price of certain motor-trucks and equipment to be sold and delivered by him to the defendants and to be by them paid for in the manner provided for in said agreements and in amounts to be ascertained at the time of such delivery.   The defendants in one portion of their answer, it is true, admitted that the action was upon an account stated, and the plaintiff and appellant herein undertakes to make much of this admission as controlling the entire course of the trial and confining the issues and the evidence to the narrow limits of an action upon an account stated; but when the pleadings of the parties are considered as a whole it becomes apparent that,

notwithstanding the false averment and apparently inadvertent admission with relation to the nature and scope of this action, it was really an action for the purchase price of certain personal property, the recovery of which by the plaintiff was dependent upon the performance upon his part of the terms and conditions of said written agreements in relation to his ability to deliver the personal property so to be sold and paid for.

The foregoing review of the pleadings and issues involved in this action enables us to determine the merit of the plaintiff's several other contentions upon this appeal. [3] His first contention is that the trial court erred in overruling his demurrer to the defendants' answer upon the ground of uncertainty, the alleged uncertainty consisting in the apparent conflict between the defendants' admission that the plaintiff's cause of action was upon an account stated and the subsequent setting forth *in haec verba* of the written agreements showing that the action was not founded upon any statement of account. But for whatever uncertainty there may have been in the defendants' answer in this regard the plaintiff was himself responsible, since upon the face of his own complaint, as we have seen, the same uncertainty appeared. He cannot, therefore, be heard to urge a reversal of this case upon an uncertainty in the defendants' pleading for which he was himself responsible through the infirmity and contradictions of his own pleading. [4] It may be said in this connection that when a pleader sets forth in his pleading what he either admits or alleges to be the substance or legal effect of an instrument in writing and in the same pleading sets forth *in haec verba* the written instrument itself, if the latter is unambiguous (183 Cal. 701 [192 Pac. 534]), the matter in the pleading inconsistent with the text of the writing will be treated as surplusage. (*Stoddard* v. *Treadwell*, 26 Cal. 294.) [5] The next contention of the appellant is that the findings of the trial court are not within the issues, but since this contention is wholly based upon the appellant's theory that the only issue in the case was as to whether there existed an account stated between the parties, and as this theory has been exploded there remains nothing of merit in this contention. The appellant's next contention is that the trial court failed to find upon certain issues presented by

the averments and denials of the respective pleadings of
the parties. The appellant prints in the opening pages of
his brief what purports to be a concordance in parallel
columns of the issues as presented by these averments and
denials. An examination of these, however, discloses that
the summarized averments of the plaintiff's complaint to
which it is claimed the defendants have presented insuffi-
cient or evasive denials or no denials at all, consist in the
main of the plaintiff's interpretation of the two written con-
tracts upon which he counts, but does not embody in his
complaint. **[6]** The embodiment of these two written con-
tracts *in haec verba* in the defendants' answer constitutes an
all sufficient response to the plaintiff's summarized inter-
pretation of their terms and puts in issue the whole subject
of the making and terms of said contracts and whether
they have or have not been performed. **[7]** The trial
court in its finding expressly finds the existence of these
two written contracts as forming the basis of the plaintiff's
claim of a right to recover in the action, and then proceeds
to interpret said contracts as to their substance and legal
effect; and in so doing covers every material issue in the
case. The main defects which the appellant undertakes to
point out in these findings relate to the failure of the trial
court to make findings as to averments and denials in the
pleadings which were in the main mere conclusions of law
as to the meaning and effect of the writings themselves and
as to which the court, having found said written agreements
to exist and having itself interpreted their terms, was not
required further to make findings upon. These findings
were not, therefore, subject to the criticism that they were
not responsive to the issues of fact presented by the pleadings
in the case. **[8]** The appellant, however, contends that
the findings of the trial court were inconsistent and con-
tradictory in a number of designated respects. With rela-
tion to these it may be said that as to the main and essential
finding of the trial court there is neither inconsistency nor
contradiction. The trial court having correctly interpreted
these two written contracts to amount to agreements for
the purchase by the defendants and the sale and delivery
by the plaintiff of certain personal property at an aggregate
purchase price which as to some of said property had been
fixed and as to other items thereof was yet to be fixed in

the manner designated in said contracts; and having found that the parties to said agreements had by later adjustments pursuant to the terms of said agreements determined what the purchase price of said various items of property was to be, so that nothing remained to be performed by the respective parties to said agreements but the delivery on the one part and the payment on the other in the manner fixed by said contracts, then proceeded to find that while the defendants stood ready to carry out the terms of said contracts on their part to be performed, the plaintiff had become unable to perform that portion of said agreements which was by him to be performed, viz., to make delivery in the main of the property or to perform, except in certain minor respects, the covenants of said agreements in that regard. The specific finding of the trial court in that important respect reads as follows:

"That the defendants have at all times since the making and execution of said contracts been able and willing to carry out the same and to receive and accept said personal property from said plaintiff; that the plaintiff has not fully and fairly or at all performed the terms and conditions of either or both of said agreements in writing, upon his part to be performed, or any of them, excepting only to the extent hereinbefore found, but said plaintiff has at all times failed, refused and neglected to perform any of the terms and conditions in said agreements in writing upon his part to be done and performed, except as aforesaid; that at the time of the commencement of this action there was not due and owing and unpaid from said defendants, in pursuance of the terms of said agreements, or otherwise, the sum of $95,879.18, or any other sum or sums whatsoever."

If the foregoing finding was supported by the evidence in the case it would inevitably follow that the plaintiff would not be entitled to recover the purchase price of property which he was unable to deliver, or to have a reversal of the judgment in this case in the defendants' favor, even though it should appear that the findings were inconsistent or contradictory in certain other respects rendered immaterial by this controlling factor in the case. **[9]** The appellant, however, makes the contention that the trial court, having found that the plaintiff did in fact deliver to the

defendants certain items of said personal property, to wit, certain office equipment, fixtures, etc., of the value of $547.45, certain electric signs of the value of $1,500, and certain truck bodies of the aggregate value of $1,656.24, he was entitled to a judgment for this portion of said personal property so delivered, regardless of his failure or inability to deliver the remainder thereof. This would be true if that were all that the pleadings showed or the findings contained as to the state of the indebtedness between the parties. The main contract between the parties contains the plaintiff's acknowledgment that at the date of the execution thereof he was indebted to the defendants in the sum of approximately $47,740.14. The answer of the defendants contains the averment that the plaintiff at the time of the commencement of the action and the filing of said answer was indebted to the defendants in a sum in excess of $50,000. As to this averment the law implies its denial by the plaintiff and the issue thus raised would have required evidence in support of the defendants' allegation in that regard. But the record before us shows that the trial court had presented before it this contract containing the plaintiff's acknowledgment of an indebtedness from himself to the defendants at the date of execution thereof and such contract would have sufficed in the absence of a counter-showing to have proven this large indebtedness thus acknowledged to exist still continued, and hence would have been sufficient to have justified a finding of the trial court in favor of the defendants upon their said averment. The court, it is true, made no such express finding but the court did make a general finding to the effect that there was no sum due, owing, or unpaid to the plaintiff from the defendants. We may well infer from this finding that the trial court in making it took into account the fact, sufficiently shown by the plaintiff's acknowledgment in the contract before it, that the balance as to indebtedness was very much in the defendants' favor, and hence that it was not bound to render judgment in the plaintiff's favor for the comparatively small amount of said personal property admittedly delivered by him. [10] If the plaintiff wished to controvert upon this appeal the fact as to his indebtedness to the defendants in a large sum at the date of said judgment, it was his duty to bring the evidence before us showing the

truth in that regard instead of complaining at the absence of a finding upon that subject which, in so far as the present record discloses, must have been against him. Upon this appeal on the judgment-roll alone and upon the state of its imperfect record we must presume that the general finding of the trial court that the defendants owed the plaintiff nothing was fully justified by the evidence in the case. [11] The appellant argues that the defendants are not entitled to claim the benefit of whatever indebtedness existed in their favor and against the plaintiff as a basis for the court's finding that they owed the plaintiff nothing because they did not plead such indebtedness in the form of a set-off or counterclaim. The contract referred to shows, however, that the indebtedness in the sum of $47,000 and over, which the plaintiff acknowledged therein as then existing, was not one which arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, but that it arose out of other, prior and independent transactions between the parties. While, therefore, the proper subject of a counterclaim under section 438 of the Code of Civil Procedure, it was not such a counterclaim as the defendants were bound to assert under section 439 of said code. As to such a counterclaim the defendants might simply rely upon its existence as a defense *pro tanto* to the plaintiff's recovery and plead it as such as they seem to have done, though somewhat imperfectly, in this case; and the trial court taking it into account as purely defensive matter, would, if it exceeded the plaintiff's established claim, be entitled to make a general finding that there was nothing due, owing or unpaid from the defendants to the plaintiff, leaving the parties to adjust their differences in another action brought by the defendants against the plaintiff to recover upon their superior claim. [12] But there is another and even more conclusive answer to the appellant's contention that he was entitled to a judgment in his favor for the value of the few items of personal property which he did deliver to the respondents under the provisions of his said contract. By the terms of said contract it was provided that for whatever sum or sums were to become due to the plaintiff by virtue of the delivery by him of any portion of said personal property he was to receive credit *pro tanto* upon the indebtedness admittedly due by him to the re-

spondents and amounting to the sum of over $47,000. Conceding, therefore, that he had become entitled to a judgment in his favor for the amount in value of the personal property so delivered by him, without an affirmative showing and finding to the effect that the amount so delivered had fully paid the amount of his aforesaid indebtedness, the finding of the trial court that the respondents were not indebted to the appellant in any sum whatever negatives the idea that his deliveries of said personal property had fully paid the indebtedness to which by the terms of said contract it was to be applied, and the correctness of that finding cannot be assailed upon an appeal which is based upon the judgment-roll alone.

The plaintiff makes a number of other assaults upon the sufficiency of the defendants' pleadings and upon the findings of the trial court, but we think all of these are sufficiently covered by our foregoing reasoning and conclusions and hence do not require separate consideration.

The judgment is affirmed.

Myers, C. J., Waste, J., Lennon, J., Seawell, J., Shenk, J., and Lawlor, J., concurred.