[Civ. No. 6767. First Appellate District, Division One.—July 11, 1929.]

J. M. OUGH, Respondent, v. ANSONIA OIL COMPANY (a Corporation) et al., Appellants.

770

Earl S. Patterson for Appellants.

Robert R. Moody for Respondent.

THE COURT.—In this action plaintiff seeks to recover against the two defendant corporations for services alleged to have been rendered and materials furnished in connection with the drilling of certain oil-wells and the cleaning out of a certain water well at Petaluma, California, during the year 1921.

A written contract was entered into between plaintiff and defendants on March 9, 1921, wherein it is provided that plaintiff is to place on the ground a complete Star drilling outfit capable of drilling at least 1200 feet, and as soon as the outfit is on the ground, to set it up with all possible speed consistent with careful work and commence to drill for oil; plaintiff to receive $35 per day for each working day of eight hours so long as the work shall continue, such payments to be made at the end of each period of ten days; the company to furnish certain materials and reserving the right to discontinue the work at any time, in which event the compensation of plaintiff ceases; on execution of the contract the company paid plaintiff $1,000 on account.

Plaintiff commenced work under this contract and continued the work until about January 24, 1922, at which time he was notified by defendants to cease work on the oil-wells he was drilling, and thereafter until March 22, 1922, his equipment remained on the ground with a watch-

man. Plaintiff by reason of being prevented by defendants from completing the contract did not bring the action upon the written contract, but elected to sue on four different counts: (1) a common count in *indebitatus assumpsit* for materials. furnished and services rendered; (2) an account stated; (3) for a balance due upon a mutual· open and current account, and (4) a common count in *quantum meruit* for the reasonable value of the materials furnished and work and labor performed.

The answers of the defendants, each of which is the same, contain complete denials of the allegations of each count of the complaint, and in addition thereto as separate and special defenses plead the bar of the statute of limitations to each cause of action.

■ The first cause of action set forth in the complaint, which was filed June 22, 1926, is not based upon an agreement in writing but upon an implied promise to pay. The time at which the statute begins to run is the date when the materials were furnished and the labor was performed. As stated, plaintiff ceased work January 24, 1922, and the rent of equipment and watchman's hire are charged as of dates between September, 1921, and March, 1922. ■ The cause of action, therefore, under this count and the fourth count on a *quantum meruit* was barred January 24, 1924, two'·' years after the cessation of work by plaintiff, and on March 22, 1924, two years after the date the rent of equipment and watchman's hire were due. (Code Civ. Proc., sec. 339.) This would likewise be so if the period of limitation were four years, the action not being filed until June 22, 1926.

■ The second cause of action is on an account stated and is based upon the following letter written by the secretary of defendant, The Ansonia Oil Company, to plaintiff dated June 22, 1922, and reading as follows: "Your statement showing balance of $4,449.32 addressed to the Analy Oil Company has been received and referred to this company. The Board of Directors of this company will meet to consider this matter within a few days and then report· to you. We note that one of your statements, dated December 15th, 1921, is not included in your former statement. These items of rent of rig, etc., do not come under the contract with the Analy Oil Company. The same items appear on your statement dated January 25th, 1922. It will

be necessary for you to appear before our board when convenient to you to explain some of these items, also some of the items on your statement dated April 15th, 1922. The report we have on the moving of the rig from the property shows a great waste of time. In fact this entire job seems to have cost both this company and the Analy Company more than twice what it should. But we wish to be fair and right with you.'' This does not meet the requirements of an account stated. The law as to how an account stated may be created is plain and not subject to controversy under the authorities. A general statement of this law is found in 1 Cal. Jur. 189: ''An account stated has been defined by Bouvier as 'an agreed balance of accounts; an account which has been examined and accepted by the parties,' and this definition is generally accepted as a correct one.'' ■ An account stated presupposes not only an acknowledgment or admission of a certain sum due on adjustment of accounts between the parties, but the striking of a balance, or an assent, express or implied, to the correctness of the balance. (*Beltaire* v. *Rosenberg*, 129 Cal. 164 [61 Pac. 916].) If the acknowledgment or admission is qualified or if the debtor, as here, merely wrote that the statement of account would be considered and that it would be necessary for the creditor to appear and explain the account, there is no account stated, as an account stated presupposes an absolute acknowledgment of a certain sum due. (*Craig* v. *Lee,* 36 Cal. App. 335 [171 Pac. 1089].) If the letter from the oil company to the plaintiff constituted an account stated it would not be barred by the statute, but in our opinion it does not meet the requirements of an account stated. Furthermore, the court made no finding on this cause of action, and if it had, the finding would have had to be against the plaintiff.

■ As to the third cause of action for a balance due upon a mutual open and current book account, it may be said that the only proof of any books of account was two sheets of a ledger, an examination of which shows no items of materials furnished or services rendered, the charge side merely showing: ''1921, April 26 Statement 317 and 320J 22, $1818.04; May 21, statement job 317 and 320 Apr 30 J 34, $1338.66; May 21, statement job 320 J 34 $421.68; Aug. 9, statement job 320 J 54, $2739.66,'' which

totals $6,318.04. As against these debits the ledger sheets show a balance by credits, with the exception of $1500, which was transferred on January 1, 1922, to the new ledger, which new ledger shows: "Jan. 1, 1922, balance on ledger J. V–7, $1500; to job 317 $350," making the total debits $1850. The credits show a like amount of $1850, the account balanced and nothing due.

The findings and judgment are based upon the first cause of action and are to the effect that within four years last past defendants became indebted "for materials furnished and services rendered" at defendants' special instance and request and "that said defendants agreed to pay plaintiff for said materials furnished and services rendered." No other finding is made and such finding is not a finding of a book account, a finding on an account stated, nor that the materials furnished or services performed are reasonably worth the amount for which judgment is rendered.

The finding that within four years last past defendants became indebted to plaintiff for materials furnished and services rendered is not supported but on the contrary is against the evidence. Respondent concedes in his brief that "the plaintiff commenced work under this contract and continued the work under it until about January 24, 1922, at which time he was notified by defendants to cease work upon the oil wells which he was drilling under the contract, and thereafter until March 22, 1922, his equipment remained upon the ground with a watchman." Conceding the last item of "materials furnished and services rendered" to be March 22, 1922, the action is barred by both the two and four year periods of limitation.

To avoid the statute of limitations respondent must base his cause of action upon an open book account and must show payments made by defendant companies within four years, and that a balance is due. There are three credits on the ledger sheets: August 5, 1922, $100, August 31, 1922, $100, and October 14, 1922, $200, which are within the four-year period, but these payments, together with other payments made, aggregate the credit amount of $1850, which balances the $1850 debits. To recover upon an open book account it must show a balance due. (*Merchants Collection Agency* v. *Levi*, 32 Cal. App. 595 [163 Pac. 870].)

There being no evidence to establish plaintiff's cause of action upon an account stated, the ledger sheets showing no balance due as claimed under his cause of action upon a mutual open and current account, and his causes of action upon an implied agreement to pay for materials furnished and services rendered and upon a *quantum meruit* being barred by the statute, the judgment must be reversed and it is so ordered.