[Civ. No. 6181. Second Appellate District, Division One.—January 19, 1931.]

B. W. MacLAREN, Appellant, v. GRACE GILBERT, Respondent.

 

Willebrandt & Horowitz for Appellant.

Horace H. Appel and Albert Weiner for Respondent.

CONREY, P. J.—The judgment rendered in favor of plaintiff covers the amount due on two promissory notes, which were set out in the first two counts of the complaint. About these items there is no controversy. The plaintiff appeals from the judgment because the court refused to allow the demand contained in the third count of the complaint, the amount thereof being $1543.09.

The action was commenced on September 8, 1927. Count three of the complaint alleged that within four years last past the defendant became indebted to the plaintiff in said sum upon an account for certain goods, wares and merchandise sold and delivered to the defendant, and for money advanced to the defendant at her special instance and request. By amendment the plaintiff was allowed to file a fourth cause of action upon an account stated (dated July 21, 1926), covering all the demands of the original complaint. The court found that during the month of June, 1924, the defendant became indebted to the plaintiff in said sum $1543.09, for certain work and labor and moneys furnished by plaintiff to defendant, no part of which has been paid; but also found that there never was any account between the parties and that more than two years had elapsed since the obligation became due; also, that on July 31, 1926, the plaintiff presented to the defendant an account but that the defendant objected to the same as incorrect and that the defendant never accepted said account or agreed to its correctness or agreed to pay the same as presented. The court also found upon a third cause of action that the debt was barred by the provisions of section 339, subdivision 1, Code of Civil Procedure.

■ From the evidence it is apparent, and it seems to be conceded, that the original indebtedness of the defendant to the plaintiff with respect to the matters included in count three of the complaint, whatever the actual amount thereof may be, was incurred more than two years before the commencement of this action. As an ordinary indebtedness incurred for materials furnished or for labor or for money advanced for the benefit of the defendant and at her request an action to recover thereon would be barred at the end of two years. ■ However, it is contended by appellant that the items of this demand were contained in a book account and not upon an ordinary obligation or liability not founded upon an instrument in writing; and that therefore the period of limitation is four years as provided by section 337 of the Code of Civil Procedure.

We have examined the evidence and we are satisfied that it is not sufficient to establish any book account, within the meaning of the statute or at all. By oral agreement, somewhat indefinitely arranged in conversations between the parties, the plaintiff undertook to cause some improvements to be made upon real property of the defendant, and the defendant was to reimburse the plaintiff for the moneys so expended. The plaintiff ordered lumber and other materials, the bills for which were made out as against the defendant but were delivered to the plaintiff, who paid the same. These bills rendered by the materialmen constitute a large part of what the plaintiff seeks to use as his book of account. The only other evidence relied upon, of this nature, is found in the plaintiff's statement that the items were noted in the stubs of his check-book, none of which were produced in evidence. He also claimed that he kept the record upon pieces of shingle and loose pieces of paper; but these upon further explanation appear to have been only memoranda used for the purpose of ordering materials when needed. These various supposed writings were never assembled and added together so as to constitute a statement of account or so as to show any definite sum due.

■ It is also provided by section 337 of the Code of Civil Procedure that an action may be commenced within four years upon an account stated. The plaintiff by his amendment to the complaint alleged that on July 31, 1926, an account was stated between himself and the defendant,

the amount whereof the defendant agreed to pay. The court found against the plaintiff on this issue. It is admitted that in July, 1926, the plaintiff presented an account. The court found that this occurred, but further found that the defendant objected to the account on presentation, as being incorrect; that defendant never accepted the account and never agreed to the account as contained in said statement. We think that the court's finding is in accordance with the facts, or at least is fully justified by the evidence. This finding was in accordance with the testimony of the defendant, who admitted that certain bills and checks were presented to her by the plaintiff on July 31, 1926, and that she told him that the bill was not correct and that she did not know what she was going to do about it. It further appears that she kept the papers for further examination and did not at any time admit that the account was correct or agree to pay the same. ■ There is no merit in the claim of appellant that by a telegram such promise was made. On this point it appears that the plaintiff sent to defendant a telegram in which he asked her to advise him, "if you have been able to make any definite arrangement on our affairs". To this inquiry defendant authorized the plaintiff's mother to send a reply as follows: "I am sorry there is no immediate way of an adjustment of our affairs and you may depend upon me at the first opportunity." In this language there is no modification or retraction of defendant's previous refusal to admit the correctness of the items claimed. ■ Where there is an admission that something is due without specifying how much, there is no account stated. The amount due must be specified or there must be a reference to something by which the amount due can be definitely and certainly ascertained. (*American etc. Co.* v. *Chicago-Los Angeles Building Corp.*, 88 Cal. App. 300 [263 Pac. 297]; *Ough* v. *Ansonia Oil Co.*, 99 Cal. App. 769, 773 [279 Pac. 481].)

The judgment is affirmed.

Houser, J., and York, J., concurred.