[Civ. No. 703. Fourth Appellate District.—May 9, 1931.]

KIMBALL MOTOR TRUCK CORPORATION (a Corporation), Respondent, v. WILLIAM H. FICKETT, Appellant.

Hardy, Elliott & Aberle and Vernon W. Hunt for Appellant.

D. A. Stuart and Edward A. Stuart for Respondent.

MARKS, J.—Respondent instituted this action to recover for labor performed and for wares and merchandise sold and delivered to appellant between July 1, 1925, and February 1, 1926. Several causes of action based on the same accounts, and an account stated, were separately pleaded.

Appellant in his answer denied the existence of an account stated and denied the major portion of the indebtedness. In a separate defense he alleged that the labor and materials were furnished by respondent to a corporation and not to him.

The trial court found that between July 1, and December 1, 1925, respondent had furnished to appellant labor, goods, wares and merchandise of the reasonable value of $6,727.36, and that on January 13, 1926, appellant became indebted to respondent in the further sum of $162.08. The court further found that there was an account stated between the parties under date of November 30, 1925, in the sum of $6,727.36.

The sufficiency of the evidence to support these findings is the sole question presented on this appeal. We have carefully examined the record and while the evidence is sharply conflicting we have concluded that the findings and judgment are supported by competent evidence.

The evidence discloses that R. R. Colby was at all times material to this appeal the president and general manager of respondent; that prior to July 1, 1925, appellant was engaged in the trucking business in the city of Los

Angeles; that on and prior to this date respondent was the owner of forty-five trucks which it had repossessed and which appellant had rented and used in his business; that appellant desired to extend his business by the purchase of these trucks; that for his convenience he decided to form a corporation through which he would operate his business. He discussed the expansion of his business and the purchase of the forty-five trucks with Mr. Colby, who expressed a willingness to become associated with him through the ownership of some of the stock in the proposed corporation.

The first move to carry out this purpose was an attempt to form a California corporation under the name of W. H. Fickett, Incorporated, with capital stock of no par value. Because of the legal difficulty presented at that time by this kind of capital stock, the attempt to form this corporation was abandoned. Next a Delaware corporation was organized under the name of Fickett and Colby, Incorported, which also had capital stock without par value. The certificate of incorporation was issued by the state of Delaware, but the corporation was not authorized to do business in the state of California nor was any permit issued by the commissioner of corporations to sell any of its capital stock. One meeting of its board of directors was held in California for the purpose of organization only. At this meeting its directors and officers were elected and a corporate seal was adopted. Owing to further legal difficulties encountered because of the capital stock without par value no further attempt was made to perfect a corporate existence in California.

Under date of July 1, 1925, and prior to the organization of the Delaware corporation, respondent entered into an executory sales contract for the sale of the above-mentioned forty-five trucks to Fickett and Colby. Mr. Colby testified that, at the request of appellant, he permitted his name to be used by appellant in the execution of these contracts and because he hoped to become interested in the business with appellant through the organization of the proposed corporation. Appellant at this time was indebted to respondent and his account was transferred to the name of Fickett and Colby, Incorporated, on respondent's books and all his subsequent transactions with respondent were charged under that name. Just why this change was made on the books

does not definitely appear from the record. It may be inferred that it was done at the request of appellant and under the expectation that the proposed corporation would be organized and authorized to do business in California and that all of appellant's assets would then be transferred to it and his liabilities assumed by it.

As one of the steps in the organization of the corporation appellant proposed to transfer to it his trucking business and all its assets, including about twenty-five trucks which respondent at this time believed appellant owned. It subsequently developed that appellant's wife was the legal owner of these trucks. About July 1, 1925, appellant changed his bank account from W. H. Fickett to Fickett and Colby, Incorporated. Both Fickett and Colby signed cards authorizing them to sign checks on this account. No other assets of Fickett's business were ever transferred to the proposed corporation. Some time during July, 1925, appellant left Los Angeles on a vacation and during his absence, and at the request of the manager for appellant, Colby signed checks on this bank account to meet appellant's payroll. During November, 1925, it became necessary for appellant to refinance certain conditional sales contracts on some of his trucks. These new contracts bore the name of Fickett and Colby, Incorporated, as purchaser and the signatures of both Fickett and Colby as officers of the corporation. This is the extent of the participation by Colby in the business of either Fickett or of Fickett and Colby, Incorporated. Colby contributed nothing to the assets of the proposed corporation and received nothing from it. He testified that he signed the checks and contracts for the purchase of the trucks at the request of Fickett or his agents and for their accommodation; that he had no interest of any kind in Fickett's business or in the business of the proposed corporation and that no partnership between himself and Fickett existed; that had Fickett and Colby, Incorporated, been authorized to do business in California and had Fickett transferred the assets of his business and all the trucks to it, he then expected to acquire some of its stock. The testimony of Colby finds support in the evidence given by appellant in a deposition in which he testified as follows: "Q. Did you ever keep any books of Fickett & Colby, Inc.? A. Yes. Q. Were the earnings of any of

those trucks ever credited to Fickett & Colby, Inc.? A. No. Q. They have all been credited to you personally or to Maidie Fickett? A. Yes. Q. You did business under the name of Fickett & Colby, Inc., for a while? A. Yes. Q. You got supplies and accessories having used that name for a while? A. Just for a while, yes. Q. At that time you thought the corporation would probably go through? A. Yes. Q. After you found out the corporation would not function— A. I took back the name W. H. Fickett. Q. In the meantime you used the name of Fickett & Colby, Inc., and operated under that name in your individual capacity? A. Yes sir.''

The trial court found that between July 1 and December 1, 1925, appellant operated his business under the names of Fickett & Colby, and Fickett & Colby, Incorporated; that while operating under such names he obtained material and labor from respondent which formed the basis of the judgment. These findings are amply supported by the evidence and cannot be disturbed here.

■ Appellant admits that on November 30, 1925, he and the agents of respondent went over various invoices for the labor and materials furnished by respondent, and that at this conference and at his request numerous changes were made in the charges against him. The invoices as changed were then accepted as correct by both parties. While all of the various invoices were gone over at the meeting no total of the various charge accounts was arrived at.

Appellant contends that because at the time of the parties agreeing upon the various items of the account they did not add these items together and arrive at the balance due from appellant to respondent, an account stated was not created. In this we cannot agree with him. The various items composing the account were agreed upon and reduced to writing and it was not necessary to perform the mechanical act of adding these various sums together in order to create an account stated. In 1 California Jurisprudence, 195, it is said: ''An account stated presupposes not only an acknowledgment or admission of a certain sum due on adjustment of accounts between the parties, but the striking of a balance, or an assent, express or implied, to the correctness of the balance. There must be a clear and definite acknowledgment of the debt, a specification of the amount due, or

a reference to some thing by which such amount can be definitely and certainly ascertained. And it must at least imply a promise. If the acknowledgment or admission is qualified and not absolute, or if there is but an admission that something is due without specifying how much, there is no account stated, nor does an account stated exist if there is but a partial settlement of accounts without arriving at a balance, or if there is a dissent from the balance as struck. However, the exact amount need not be mentioned if it can be ascertained by computation from the figures set forth.''

It is not necessary to lengthen this opinion by a discussion of the other questions presented by appellant on this appeal. They involve and grow out of the sufficiency of the evidence to support the findings and judgment which we have already discussed. In support of his contention, as stated in his brief, appellant deemed ''it advisable and necessary to present for the consideration of the court the facts as contended for by the appellant and as they would seem to appear, omitting the doubtful testimony which appears occasionally in the transcript.'' The trial court was bound by law to consider all competent evidence before it and accepted as true ''the doubtful testimony'' which appellant would have us reject. This testimony is in the record before us and is amply sufficient to support the findings of the trial court. We therefore cannot disturb the judgment because of a conflict in the evidence.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.