[Civ. No. 3212. Fourth Dist. Mar. 8, 1943.]

METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, Plaintiff, v. E. BENNETT ADAMS et al., Defendants; LAWRENCE HOLMES et al., Respondents; CHARLES F. DAVIS et al., Appellants.

575

Herbert Cutler Brown for Appellants.

Oliver O. Clark and Robert A. Smith for Respondents.

MARKS, J.—This is an appeal from a portion of a judgment directing that petitioners be paid specified sums of money, without interest, out of money held by the County Treasurer of the county of Riverside, and from an order refusing to vacate that judgment. The money had its source in that paid by the Metropolitan Water District of Southern California for condemnation of various parcels of land for a reservoir in Riverside County.

The parties agree that the various amounts ordered paid to petitioners are correct as to the principal. The only question before us is whether or not petitioners are entitled to interest at the rate of seven per cent per annum from September 1, 1936, which the trial court refused to allow.

Under date of September 1, 1936, Lawrence Holmes, acting for himself and Gertrude E. Holmes, his wife, entered into a contract settling the claim of F. E. Davis and Herbert Cutler Brown against them for attorneys fees rendered in connection with preparation for the condemnation suit and other matters. Petitioners have succeeded to the claims of Davis and Brown under this contract by virtue of various assignments.

The value of the attorneys fees was fixed at $12,500. Davis and Brown represented other specified landowners in the condemnation proceedings. The contract, a copy of which was attached to the petition and made a part of it by reference, contained the following stipulation:

"PROVIDED, however, that the said sum of Twelve Thousand Five Hundred Dollars ($12,500.00) shall be reduced by the aggregate amount which the said Davis and the said Brown

shall receive as attorneys of record in the aforesaid proceeding in court for the certain defendants [naming them]."

The contract also provided that the $12,500, less any amounts paid by others, thereby reducing the liability of Mr. and Mrs. Holmes, be paid "out of the moneys which the said Lawrence Holmes and Gertrude E. Holmes shall receive from the said Metropolitan Water District of Southern California, or otherwise, for the taking by the said District of the lands described in the complaint filed in said proceedings aforesaid and therein sought to be condemned and taken for use as a reservoir . . ."

It is admitted that attorneys' fees in the sum of $626.80 were collected from the other parties and that the liability of Mr. and Mrs. Holmes was reduced by that amount. It is also admitted that Mr. and Mrs. Holmes paid $1,000 on account of their obligation, leaving an unpaid balance of $10,873.20, which the trial court ordered paid without interest.

Petitioners base their claim to interest upon the theory that, by the agreement of September 1, 1936, an account stated was created between Mr. and Mrs. Holmes and the two attorneys; that by operation of law an account stated draws interest from its date. In *Ough* v. *Ansonia Oil Co.*, 99 Cal.App. 769 [279 P. 481], the court said:

"The law as to how an account stated may be created is plain and not subject to controversy under the authorities. A general statement of this law is found in 1 Cal. Jur. 189: 'An account stated has been defined by Bouvier as "an agreed balance of accounts; an account which has been examined and accepted by the parties," and this definition is generally accepted as a correct one.' An account stated presupposes not only an acknowledgment or admission of a certain sum due on adjustment of accounts between the parties, but the striking of a balance, or an assent, express or implied, to the correctness of the balance. (*Beltaire* v. *Rosenberg*, 129 Cal. 164 [61 P. 916].)" See, also, *MacLaren* v. *Gilbert*, 111 Cal. App. 198 [295 P. 349]; *Petrosino* v. *Wakefield*, 138 Cal.App. 336 [31 P.2d 1056]; *Bennett* v. *Potter*, 180 Cal. 736 [183 P. 156].

It is also true that while generally the amount due must be specified and agreed to if that amount may definitely be ascertained from the totals of figures then in existence and agreed

to it is sufficient. (*Kimball Motor Truck Corp.* v. *Fickett*, 114 Cal.App. 65 [299 P. 566].)

· We have no such state of facts here. Mr. and Mrs. Holmes, in effect, agreed with the attorneys that the reasonable value of the services of the attorneys representing them and other property owners was $12,500; that Mr. and Mrs. Holmes would pay the amount remaining of that sum after it was "reduced" by crediting on it any fees collected by the attorneys from other named property owners. Thus it is clear that the contract lacked an essential element of an account stated by failing to ascertain definitely the amount to be paid the attorneys by Mr. and Mrs. Holmes. That amount was not and could not be ascertained at that time nor until the total several amounts subsequently collected from the property owners was ascertained. For this reason, as well as others not necessary to mention, the contract failed to establish an account stated.

Petitioners seek to escape the results of the foregoing conclusion by pointing out that the petition contained this allegation:

"That on the said 1st day of September, 1936, the said Lawrence Holmes, acting for himself and his said wife, agreed with F. E. Davis and Herbert Cutler Brown that the said legal services so theretofore rendered were of the reasonable value of Twelve Thousand Five Hundred Dollars ($12,500) ; that said amount was due and payable, one-half thereof, to-wit: Six Thousand Two Hundred and Fifty Dollars ($6,250) to each the said F. E. Davis and Herbert Cutler Brown who thereupon demanded the payment to them respectively of the aforesaid amounts"; and that the court made the following finding:

"FIRST: That all of the allegations of the said Petition and Demand as filed in the above entitled court and cause are true; save and excepting that there is nothing in the said contract or agreement of September 1st, 1936, stating that the $12,500 shall bear interest, and it appears therefrom that it was not contemplated therein that the $12,500 should be paid until the money was received by the Holmes in the eminent domain cause."

They argue that since it was found that it was agreed that $12,500 was due and payable to the two attorneys for their services, it cannot now be successfully argued that there was no account stated. This argument lacks convincing force. A

copy of the contract was attached to and made a part of the pleading by reference. It did not create an account stated between the parties. In *Peak* v. *Republic Truck Sales Corp.*, 194 Cal. 782 [230 P. 948], it was said:

"It may be said in this connection that when a pleader sets forth in his pleading what he either admits or alleges to be the substance or legal effect of an instrument in writing and in the same pleading sets forth *in haec verba* the written instrument itself, if the latter is unambiguous (183 Cal. 701 [192 P. 534]), the matter in the pleading inconsistent with the text of the writing will be treated as surplusage. (*Stoddard* v. *Treadwell*, 26 Cal. 294.)"

As the quoted portion of the petition conflicts with the unambiguous terms of the contract we must treat the allegation as surplusage. As it was surplusage, the finding that it was true can give it no vitality.

Petitioners urge that under any construction of the contract they were entitled to interest from October 31, 1938. At about that date Mr. and Mrs. Holmes received $14,131.31 which was withdrawn from the funds deposited by the Metropolitan Water District in the condemnation proceeding. This was done under stipulation. The petition refers to this stipulation as follows:

"That petitioners were urged by the attorneys of said Lawrence Holmes and Gertrude E. Holmes to approve and consent to said Stipulation, who represented to them and/or their attorneys that the larger portions of the amount to be withdrawn for said Lawrence Holmes and Gertrude E. Holmes and their assigns were required by them for court and other necessary expenses; that upon such representations petitioners and/or their immediate assignors agreed to waive immediate payment of the balance of said $12,500 and interest and to accept at that time the sum of One Thousand Dollars ($1,000) on account . . ."

As petitioners waived the right to receive any part of the money withdrawn, except $1,000 which they or their predecessors in interest received, it is difficult to understand how they can now claim that they were entitled to payment in full at that time so that interest then started to accrue.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 6, 1943.