CHARLES V. STEWART *v.* WM. A. THOMPSON, ALONZO DE HARRO, CHARLES BROWN, WILLIAM P. LORING, AND D. D. SHATTUCK, EXECUTOR AND DEVISEE OF BENJAMIN D. BAXTER, DECEASED.

LIMITATION OF ACTIONS.—The limitation of actions for relief on the ground of fraud, to three years after the discovery of the fraud alleged, does not apply to an action to set aside and cancel a conveyance upon the ground that it is a cloud upon the title of the plaintiff, even if the Court is asked to set aside the conveyance because it was made to defraud a creditor.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant Brown, on the 23d day of May, 1855, executed his promissory note to Nathan B. Moore for the sum of three thousand dollars, payable on the first day of June, 1856, bearing interest at the rate of three per cent per month, and said Moore, on the first day of October, 1857, assigned the same to M. C. Blake. Blake recovered judgment on the note in the District Court of the Twelfth Judicial District, City and County of San Francisco, on the 19th day of March, 1858. An execution on the judgment was issued on the fifth

day of March, 1859, and levied upon the interest of said Brown in two tracts of land in the city and county aforesaid, and on the 27th day of April, 1859, the Sheriff sold to said Blake Brown's interest in the land, and on the first day of November, 1859, executed to him a deed therefor.    Blake, on the tenth day of September, 1862, sold the interest he acquired by the Sheriff's deed to the plaintiff.

Brown, at the time of the execution of the note, was the owner of the land, and on the 20th of September, 1855, deeded it to defendant Thompson, who, on the 10th day of September, 1857, deeded it to defendant De Harro, and he, on the 6th day of June, 1861, deeded it to defendant Loring, and Loring, on the 10th day of June, 1861, deeded it to Benjamin D. Baxter.    Baxter died about the 17th day of January, 1863, leaving a will, in which he nominated defendant Shattuck his executor, and Shattuck soon after entered upon the duties of the trust.    The deeds from Brown to Thompson, and Thompson to DeHarro, and DeHarro to Loring, and Loring to Baxter, were recorded about the time they were given, but were fraudulent as to the creditors of Brown.

The plaintiff claimed in his complaint that the deeds were fraudulent, and a cloud upon his title.    The defendants in their answer set up the Statute of Limitations of three years.

The facts were all set out in the complaint, and there was no averment that the fraud was concealed, or that the plaintiff or his grantor discovered the fraud within three years before the commencement of the action.    The action was commenced on the 9th day of April, 1863.    The Court found as a fact that the plea of the Statute of Limitations was not true.    No demurrer was filed to the complaint.

The other facts are stated in the opinion of the Court.

*J. J. Papy*, for Appellants.

The complaint not alleging, and the finding of facts not showing, that there was any concealment of the various transactions alleged in the complaint, and there being no allegation in the complaint, nor any fact in the finding of the Court that

the plaintiff discovered these transactions within three years next before the commencement of the action, the complaint is fatally defective, and the action is barred by the fourth subdivision of the seventeenth section of the Statute of Limitations of this State. (*Carpentier* v. *City of Oakland*, 30 Cal. 439; *Boyd* v. *Blankman*, 27 Cal.; *Sublett* v. *Tinney*, 9 Cal. 423; Story Eq. Pl. 751.) By an inspection of the complaint it will be seen that all the acts alleged to be frauds upon plaintiff were committed more than three years before the commencement of this action, so that the complaint should affirmatively allege such facts as to justify the Court in sustaining the action. The complaint does not show that these various conveyances were concealed, or that plaintiff and his assignors did not know of their existence until within three years of the commencement of this action. On the contrary, it affirmatively shows that knowledge of their execution was had, as by the complaint we are informed when the deeds were recorded; therefore the complaint is fatally defective, and the judgment should be reversed.

*E. D. Wheeler*, and *E. Cook*, for Respondent.

This is an action to remove a cloud from plaintiff's title. The action is recognized as a distinct remedy in equity, and its prosecution is a right incident to the ownership of a title that is clouded. As a condition precedent to the bringing of the action, plaintiff must have a title; consequently, until he acquires a title no action lies at his instance to remove a cloud therefrom; nor does this proposition involve the question as to whether plaintiff or his grantor, as creditors, might not have had some other relief in equity. It is enough that a party having a title that is clouded by fraudulent deeds has a remedy in equity for the express purpose of removing such cloud. The title did not vest till the Sheriff executed the conveyance to plaintiff's grantor. It cannot then, in any legal sense, be said that this action is barred. It is self evident that if Blake had filed a bill to remove the cloud *before* he received the Sheriff's deed, he must have failed in his action. The

statute does not commence running till the cause of action accrues, and the right to remove a cloud from title cannot exist until a party has a title capable of being clouded. (*Hager* v. *Shindler*, 29 Cal. 47.)

By the Court, SANDERSON, J.:

Action to set aside and cancel certain conveyances upon the ground that they are clouds upon the title of the plaintiff. The plaintiff had judgment in the Court below, and the defendants have brought the case here upon the judgment roll only.

The only points which we can reach, in view of the shape in which the case has come up, are those founded upon the Statute of Limitations, and even those can be reached only through a liberal disregard of technical obstacles.

We consider that the limitation of three years does not apply to an action of this character. It is true that the clouds in question have their inception in fraud; but fraud is not a universal characteristic of the cause of action and cannot, therefore, be adopted as a test of the true nature of the action, when its position in the various categories presented by the Statute of Limitations comes to be considered. We so held in effect in *Hager* v. *Schindler*, 29 Cal. 60. The *gravamen* of the action is that the conveyances of which complaint is made, are clouds upon the title, and for that reason, and that only, their cancellation is asked. The right of the plaintiff to his relief does not depend altogether upon the question whether they are tainted with fraud, but upon the fact that they are clouds. Conveyances not tainted with fraud may cloud the true title. Hence fraud is a false quantity when we come to assign an action of this character to its proper class under the Statute of Limitations. If fraud exists, it does so merely as a feature in the case, and not as a test of the true nature of the cause of action within the meaning of the statute.

Whether a cause of action of this character falls under the bar of four years it is unnecessary to say. We held, in *Hager* v. *Schindler*, that in no event could the statute commence to

run until the execution of the Sheriff's deed. In this case the deed was executed less than four years prior to the commencement of the action.

Counsel for the respondent are mistaken in saying that the action was commenced within three years after the execution of the deed. The transcript shows that it was not, and it is not suggested that the transcript, in that respect, is incorrect. Hence the question as to the limitation of three years is not in terms answered by the case of *Hager* v. *Shindler*, as counsel assume.

Judgment affirmed.


SAWYER, J., concurring:

I was at first inclined to the opinion that this case fell under the fourth clause of the seventeenth section of the Statute of Limitations, under which "an action for relief on the ground of fraud" is barred in three years; but upon further reflection I think it does not. The deeds in question, it is true, had their origin in fraud. The first in order was made with intent to defraud a creditor. The creditor proceeded to obtain his judgment, sell the land and obtain a Sheriff's deed, regardless of the deed made for the purpose of defrauding him. The fraudulent deed was void as to him—an absolute nullity—and for this reason was not in his way. After obtaining his Sheriff's deed he was in a position to recover possession of the land, notwithstanding the fraudulent conveyance without first procuring its cancellation in equity. It was only necessary to prove the fraud when the fraudulent deed should be set up in the action at law to recover the possession. (*Jackson* v. *Myers*, 18 John. 426.) It might be inconvenient to be at all times ready to make the proof, but in contemplation of law the deed was, as to him, absolutely void. The creditor could protect himself against it at law, and there was no necessity for going into equity for a remedy. The only substantial remedy to him, requiring relief in equity, therefore is, that being upon the record, the void deed is a cloud upon the title of the cred-

itor and those claiming under him, and this is the real ground of the relief sought in this action. The object sought is only to remove the cloud which casts its shadow upon the title. For these reasons I think the case not within the bar of three years.

As to the creditor, the fraudulent conveyance was void. Notwithstanding this conveyance, therefore, so far as the rights of the creditor are concerned, the title never passed to the grantee of the debtor until the sale under execution and the making of the Sheriff's deed under which plaintiff claims. Until that time, as to the creditor, the title must be regarded as remaining in the debtor; and his grantee, who participated in the fraud, must be regarded as being in possession with the debtor's assent, and not adversely to the creditor, his right being subject to be divested by a sale under execution against his grantor in favor of the creditor defrauded. For this reason a right of action did not accrue to the purchaser under the execution sale as against either till the execution of the Sheriff's deed. I think, therefore, that the action is not barred, and concur in the views expressed in the leading opinion and in the judgment.