[S. F. No. 5949.   In Bank.—January 7, 1914.]

MARIA I. MUHS, as Executrix of the Estate of Mary Grant, Deceased, substituted instead of Mary Grant, Deceased, Appellant, v. HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), Defendant and Cross-complainant, Respondent; AUGUST POMIECZYNSKI, Defendant and Appellant.

MORTGAGE—DEBT BARRED BY STATUTE OF LIMITATIONS—GRANTEE MAY QUIET TITLE WITHOUT PAYMENT.—A grantee of mortgaged property, after the mortgage debt has become barred by the statute of limitations, may maintain an action to quiet his title against the mortgagee who had never had actual possession of the property, without first paying the mortgage debt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, for Appellants.

Tobin & Tobin, for Respondent.

HENSHAW, J.—This is an action to quiet title to a part of Mission Block 31 in the city and county of San Francisco. The action was commenced by Mary Grant, asserting ownership in the property.   She died pending the action and her personal representative, plaintiff herein, was substituted.   A supplemental complaint was filed alleging that August Pomieczynski had become the owner of the property by conveyance made to him by Mary Grant in her lifetime.   He was called in and made a defendant by order of the court.   The other defendant is The Hibernia Savings and Loan Society asserting a mortgage lien upon the premises.   The stipulated facts are the following: On February 3, 1870, Michael Byron was the owner of the land, and on that date executed his promissory note to the defendant for the sum of one thousand eight hundred dollars, secured by mortgage.   In 1875 he died.   His will was admitted to probate and his widow, Mary Byron, was appointed executrix.   No claim was presented

by the defendant for allowance of the indebtedness, and no action was ever brought to foreclose the mortgage against the property, though by an instrument executed in February, 1876, Mary Byron, describing herself as executrix of the estate, recited the execution of the note and undertook to extend the time of payment to January 3, 1877. In 1880 Mary Byron married Patrick Grant and so became Mary Grant, the original plaintiff in this action. All of the other heirs of Michael Byron conveyed their interest in the land to Mary Grant and in June, 1892, the court in probate made its decree of distribution distributing this land to Mary Grant. She was in possession thereof at that time and continued in possession until February, 1908, when she made conveyance of it to the defendant Pomieczynski. These facts were stipulated with the additional facts asserted by the defendant, and found by the court, that no part of the principal sum or interest due upon the note had been paid. As conclusions of law from these facts the court found that neither Mary Grant nor Pomieczynski was entitled to a decree quieting the title "save and except upon payment being made by them, or either of them, to the defendant, The Hibernia Savings and Loan Society, of the sum of $1800," etc.; that upon payment of this sum a decree should be entered quieting title in Pomieczynski, and that upon failure for the period of thirty days the action should be dismissed. Pomieczynski and the executrix of the estate of Mary Grant are appellants.

This consideration is not complicated by the presence of a mortgagee in actual possession. It is the simple case of the mortgagee of a note and mortgage long barred by the statute of limitations setting up this note and mortgage as a bar to an action for equitable relief sought by the present holder of the title. It is to be noted, moreover, that the real party seeking relief is the defendant Pomieczynski, grantee of Mary Grant, who, in turn, received the property through a decree of distribution from the estate of the primary debtor. In the recent case of *Faxon* v. *All Persons, ante,* p. 708, [137 Pac. 919], it has been decided by this court in Bank that the title to property under these circumstances held by a grantee of the primary debtor is relieved in equity from any asserted right upon the part of the owner of the mortgage debt.

Upon the authority of this case and upon the stipulated facts and findings of the court above adverted to, it is ordered that the judgment be reversed, with instructions to the trial court to enter its decree quieting title in Pomieczynski against all claims of the defendant based upon the promissory note and mortgage executed to it by Michael Byron.

Lorigan, J., Angellotti, J., Sloss, J., Melvin, J., and Shaw, J., concurred.