[Civ. No. 4882. Third Appellate District.—June 6, 1933.]

ANNIE L. PATTERSON, Respondent, v. CLIFFORD F. REID, INC. (a Corporation), et al., Appellants.

Gibson, Dunn & Crutcher and Robert F. Schwarz for Appellants.

Marshall Stimson and Noel Edwards for Respondent.

TUTTLE, J., *pro tem.*—This action was brought to cancel a written instrument and to recover the sum of $900. This relief was granted, and defendants appeal from the judgment.

The complaint alleged and the trial court found the following facts:

That defendant bank, through its agent defendant Reid, negotiated for the sale of a lot to plaintiff, who was a widow without previous experience in business matters and especially in relation to the execution of deeds of trust; that as a result plaintiff signed a contract for the purchase of said lot for the sum of $3,725, payable $900 down and the balance in monthly installments; that the agreement and the note and the deed of trust were on printed forms, and when plaintiff signed these documents, the date, description of the property and amount and terms of payment were not filled in; that the deed of trust covered real property owned by plaintiff, and it was represented to plaintiff by Reid that it would be accepted as the first payment on the purchase price; that after signing these documents, plaintiff informed Reid that she would consider the matter; that plaintiff did not accept the agreement; that Reid stated to her that unless she accepted said offer, the papers signed by her would not be used, but would be returned to her; that three or four days later plaintiff informed Reid that she did not intend to accept the offer and for them not to go ahead with the transaction; that falsely and fraudulently and in contravention to its said agreement with plaintiff, defendant Reid caused the blanks in said papers to be filled in and the agreement to be signed by defendant bank, and caused the note and trust deed to be sold for the sum of ·$900 to an innocent purchaser, who now holds the same and

threatens to cause the same to be foreclosed, and that plaintiff has been obliged to pay the interest on said trust deed; that plaintiff was induced to sign said documents through the false and fraudulent representations of defendant Reid, the agent of defendant bank.

 It is at once apparent that the purported agreement of sale is not a contract as plaintiff never accepted the offer of defendant bank. There must be an offer expressed or implied and this offer must be accepted according to its tenor, before a binding contract is formed. "The intention to accept must be expressed in positive terms. Thus a statement by the offeree that he would think over the matter, or that he would like to accept, or a promise to 'take up the matter' at a later time or that he would see what he could do and give notice later, are none of them equivalent to acceptance." (1 Page on Contracts, sec. 44.)

"An acceptance must be absolute and unqualified, or must include in itself an acceptance of that character which the proposer can separate from the rest and which will conclude the person accepting. A qualified acceptance is a new proposal." (Code Civ. Proc., sec. 1585.)

According to the record, plaintiff here testified that the signing of the papers was tentative and that she told Reid "they were not to be used". She further told him that "they must notify me and see if it met with my requirements—my approval. I told him that my approval meant if the terms were agreeable to me." From the foregoing it is clear that the essential element of a valid contract, a meeting of minds on all essential elements, was lacking and therefore the writing has no binding effect upon either party. Although plaintiff signed the documents, it was distinctly agreed that they were not to be effective until she gave her approval at some later date, when the "blanks" were to be filled in. "A writing is incomplete as an agreement where blanks as to essential matters are left in it." (13 C. J., p. 308, par. 133.)

 Appellants agree that the pleadings are framed upon the theory that no contract was ever entered into between the parties. They also cite the cases of *Chas. Brown & Sons* v. *White Lunch Co.*, 92 Cal. App. 457 [268 Pac. 490], and *McElhaney* v. *W. E. Moyer & Co.*, 101 Cal. App.

53 [281 Pac. 87], wherein it is held that an action for rescission must, of necessity, rest upon the existence of a contract to be rescinded, and where there is no meeting of the minds there can be no contract and hence there is nothing which can be rescinded. Therefore, they contend, the action is merely one to recover a money judgment for an amount less than $2,000 and that it should have been brought in the municipal court. (Art. VI, sec. 11, Const.)

The solution of the questions here presented depends upon the nature of the action. Appellants contend that it is one at law. Respondent contends that it is a suit in equity, authorized by section 3412 of the Civil Code, which reads as follows:

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application be so adjudged and ordered to be delivered up or cancelled."

The instrument here involved is on its face a completed contract, signed and executed by all parties thereto. It could be placed upon record any time by defendants or assigned by them to a third party. That such recordation or assignment might cause serious injury to plaintiff is not open to question. We are of the opinion that the facts of this case entitle respondent to invoke the provisions of the Civil Code above quoted.

It is contended that the complaint does not state a cause of action under the provisions of section 3412 of the Civil Code, in that it does not allege that "there is a reasonable apprehension that it (the outstanding instrument) may cause serious injury" to plaintiff, nor does it allege facts upon which a finding of reasonable apprehension could be based. The complaint alleges that defendants had sold the note and deed of trust which were provided for in the purported contract. This indicated conclusively that appellants were claiming rights under the purported contract. In the case of *Prichard* v. *Kimball*, 190 Cal. 757 [214 Pac. 863], the court used the following language in considering the sufficiency of a complaint under this section of the Civil Code:

"Whether the appellants were using the document vexatiously or not is immaterial. *If they were claiming rights*

*under it and their claim was groundless,* respondents had the *right to a decree that as to them the instrument was void, whether appellants' claim was bona fide or for purposes of vexation."*

This section has been applied to an action to cancel a deed upon the ground that it had never been delivered and the essential allegations of a complaint for such relief are clearly set forth in the case of *Keele* v. *Clauser,* 101 Cal. App. 500 [281 Pac. 1073]. In the instant case there was no contract executed, nor was there any delivery of the same, according to the allegations of the complaint. We therefore hold that the complaint states a cause of action under the section of the Civil Code above quoted.

The municipal court had no jurisdiction because the relief under this section of the code is clearly equitable. (*Angus* v. *Craven,* 132 Cal. 691 [64 Pac. 1091].)

It is contended by appellants that the action is "barred" by section 1691, subdivisions 1 and 2, of the Civil Code. These sections do not "bar" anything, nor should they be pleaded and treated as statutes of limitation. They simply lay down certain rules which should guide the trial court in determining whether or not a rescission has been accomplished. In any event, they have no bearing upon the issues here presented, as the action was not brought under those sections of the code authorizing a rescission.

Other points made by appellants have been considered but they do not warrant further discussion.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.