[Sac. No. 5677. In Bank. Sept. 11, 1946.]

WALTER K. EPHRAIM et al., Appellants, v. METROPOLI-
TAN TRUST COMPANY OF CALIFORNIA (a Corpo-
ration) et al., Respondents.

John J. Redhead for Appellants.

William H. B. Haymond, F. W. Audrain and Thomas Maul for Respondents.

Herbert E. White as Amicus Curiae on behalf of Respondents.

EDMONDS, J.—In 1927, the owners of certain real property in the county of El Dorado conveyed it to Metropolitan Trust Company of California. Three years later, the parties executed a declaration of trust reciting that the trust company held the property as security for the payment of two promissory notes. The successors in interest of the trustors declare that a conveyance made by the trustee, following an asserted default in payment of one of these notes, is invalid, and the appeal is from a judgment based upon an order sustaining demurrers to their complaint with leave to amend.

In the first count of the complaint, Walter K. Ephraim and

his wife claim to be the owners of and entitled to the possession of the specifically described real property. They allege that the trust company, R. H. Strosnider and Girlie Strosnider, and certain other defendants sued under fictitious names, without any right to do so, claim an interest in the property adverse to their title. The Ephraims also assert that the trust company is made a defendant "as trustee, mortgagee and beneficiary, under any trust or mortgage that may be shown by the declaration" of trust which it executed. A further allegation is that the action is brought under sections 738 and 1060 of the Code of Civil Procedure.

The second count of the complaint is in the nature of a suit to remove clouds from the Ephraims' title and for declaratory relief. The allegations of the first count as to ownership and right to possession of the land, the basis upon which the trust company is made a defendant, and the statements regarding the code sections relied upon, are incorporated by reference. It is then alleged that in 1927 H. L. Henry and his wife were the owners of and entitled to the possession of the property in controversy. At that time the Henrys, to secure the payment of an indebtedness owing by them to the trust company, executed and delivered to it a grant deed of the property, the intention of both parties being that the deed would not operate as a conveyance, but as a mortgage only.

In 1930, according to the complaint, the trust company and the Henrys executed and recorded a declaration of trust reciting that the corporation held title to the real property so conveyed, first, as security for the payment of $10,000 owed by the Henrys to it, and, secondly, for the payment of a junior obligation of $13,000 owed by the Henrys to one Girlie Strosnider. Each indebtedness was evidenced by a promissory note whose terms and conditions are set out in the declaration of trust. Under the declaration the trust company, as trustee, was empowered to hold in trust, subdivide, convey, and improve the real property and to apply the proceeds from the sale of the lots in payment of the indebtedness and to other specified purposes. Each lot of the tract of land as subdivided might be released from the lien of the indebtedness by the payment of $50, but the trustee retained the power to make a conveyance of the property after the payment of the release price. The Henrys, who were designated as beneficiaries, agreed to pay the taxes, assessments, insurance, cost

of improvements and certain other charges. The trustee was empowered to convey all necessary easements and to dedicate to public use all streets and alleys shown on the subdivision map. An express purpose of the declaration of trust was the conveyance of lots in accordance with a "Schedule of Sale Prices." The trustee was given the exclusive right to execute all deeds and agreements of sale affecting the property.

A further provision of the declaration of trust was that the interest "of said Beneficiaries and of each . . . successor in interest of said Beneficiaries is personal property and that no such Beneficiary has or shall have any right, title or interest in or to any property covered hereby, nor has or shall have any right or power to in any manner apply for or secure the dissolution or termination of this Trust, or the partition or division of any of the Trust Property. . . ." The trust was to end after 20 years, unless sooner terminated by the sale of all of the property and the performance of the other purposes of the trust. If there was no default the unconveyed property was to be deeded to the beneficiaries.

Should the beneficiaries default in the payment of any sum payable under the trust the trustee, at its election, might sell the real property comprising the trust estate, and although the provisions of section 2924 of the Civil Code were expressly waived by the beneficiaries, the declaration also provided that the sale of the real property comprising the trust estate should be made only in the manner required by law for the sale of real property under execution and held as security by a deed of trust. However, in regard to the sale of the beneficial interest in case of default, the trust provided "that should the said Henrys default in payment of either of said principal sum of $13,000 or interest of the said second lien . . . and should said default continue for a period of thirty days after notice in writing . . . of such default . . . , upon the request of the holder of said indebtedness the trustee could proceed to foreclose and sell the beneficial interest of the said Henrys, at public auction, in the manner provided in said declaration, for the payment of said indebtedness." Another provision was that in the event of the foreclosure of the second lien under a power of sale contained in the declaration of trust, the trustee should first publish notice of the time and place of such sale with a description of the entire beneficial interest to be sold, at least once a week for three successive weeks in a newspaper published in the city of Los Angeles, and "shall give such

other notice as may be required by law''; and that upon payment of the purchase price, the trustee should deliver to the purchaser an ''Assignment of Beneficial Interest'' so sold. The provisions of Civil Code section 3006, relating to the sale of pledged personal property, were expressly waived by the beneficiaries.

The Henrys defaulted in the payment of the junior note, the complaint continues, and Girlie Strosnider executed and delivered to the trustee a written declaration of default and demand for sale, directing the trustee to sell in the manner set forth in the declaration and ''according to law'' the entire beneficial interest. Following that demand, the trustee published a notice of time and place of sale of the beneficial interest, without any description of the real property, in a newspaper published and printed only in the city of Los Angeles, and posted a copy of the notice of sale in the city of Los Angeles, where the sale of the beneficial interest was to take place.

At the time specified, the trustee sold the beneficial interest to R. H. Strosnider and executed an ''Assignment of Beneficial Interest'' to him. Subsequently the trustee executed and delivered to R. H. Strosnider and without reference to the mortgage deed or declaration of trust, a grant deed of the real property which deed was recorded. But there was no recordation in El Dorado County, where the property is situated, of the notice of breach and election to sell. No notice of sale describing the real property was published in any newspaper in that county or elsewhere in the State of California, nor was a copy of the notice of sale or any notice posted on the mortgaged property. This is the only action to enforce the mortgage and power of sale which has been taken by the respondents.

The mortgage and the debts and notes for which the mortgage and power of sale were security, became due and payable in 1933, and they are now barred by the statute of limitations. In 1939, the Ephraims acquired title to the land by a deed of the trustors' grantee. Because of the illegal sale, and the bar of the statute of limitations, the complaint concludes, the mortgage deed of 1927 and the assignment of beneficial interest and the deed from the trustee to R. H. Strosnider are void and operate only as clouds upon the plaintiffs' title. Accordingly, there now exists an actual controversy between the parties to the action and ''it is necessary

. . . to secure a declaratory judgment . . . and to remove all of the aforesaid clouds resting upon their title.'' By the prayer the court is asked to declare that the conveyance of the Henrys and the transaction between them and the trust company constitutes a mortgage and a lien upon the land as security for the payment of the obligations evidenced by the two notes; that the sale by the trustee of the so-called beneficial interest is invalid and did not divest or impair the Henrys' ownership; that, since 1937, the mortgage deed and power of sale, and the debts secured thereby have been barred by the statute of limitations; and that the Ephraims have a valid title to the real property in controversy, freed from any claims of the defendants.

Separate demurrers were interposed to this complaint. The trust company, in addition to pleading that the first count does not include facts sufficient to state a cause of action, set up the bar of sections 318 and 343 of the Code of Civil Procedure as applicable statutes of limitation. The Strosniders demurred to both counts upon these grounds, adding that each of the causes of action is uncertain, ambiguous and unintelligible in certain enumerated particulars. They also included section 319 of the Code of Civil Procedure as a statute of limitation relied upon to bar declaratory relief. The demurrer of the trust company to the second count follows that of the Strosniders, but also pleads that there is a variance between the averments regarding the declaration of trust, in that at one point it is referred to as a mortgage with power of sale and later as a conveyance of property to a trustee vested with power to convey.

As grounds for a reversal of the judgment, the Ephraims contend that the allegations of the first count include all that the law requires in an action to quiet title. That cause of action, they say, is not directed toward any particular instrument. The two counts of the complaint are not interrelated; they do not depend upon the same facts, nor do they attempt to state but one cause of action based upon alleged infirmities of the declaration of trust.

The second count, the appellants assert, is in the nature of an action for declaratory relief and to remove clouds from their title, presenting an issue as to the intention of the parties concerning the purpose of the conveyance and declaration of trust. In this connection, it is urged that the lien of the mortgage was lost by the bar of the statute of limitations on

the principal obligation; that the Ephraims are not personally liable for the debts and are under no moral obligation to discharge them, and since the instruments executed by the Henrys created only a mortgage or deed of trust, the power of sale was invalidly exercised by the trustee because it did not comply with the requirements of section 2924 of the Civil Code and section 692 of the Code of Civil Procedure.

Furthermore, say the appellants, an action for declaratory relief will lie even when there is an available remedy in an ordinary action at law or equity, and a general demurrer should be overruled if the plaintiff is entitled to any relief under the allegations of the complaint. Also, the second count does not allege a cause of action which comes within or is affected by a statute of limitation, because such a statute does not apply to a suit to set aside and cancel a conveyance which is a cloud upon title.

In support of the judgment, the trust company asserts that where a simply stated cause of action, such as one to quiet title or a common count, is followed by a second count pleading a statement of facts in detail which is vulnerable to demurrer, the first count cannot stand. Also, it is said, if the deed of 1927 was not a mortgage, then the second cause of action is subject to the plea of the statute of limitations. The further point is made that because, as appears from the opinion in *Strosnider* v. *Superior Court,* 17 Cal.App.2d 647 [62 P. 2d 1394], in 1934 the Henrys were adjudged bankrupt, and in connection with the administration of their estates the bankruptcy court authorized the proceeding under which title was acquired by the Strosniders, the Henrys had no title to convey to the Ephraims' grantors, and the superior court has no jurisdiction to entertain the present action.

Turning to the appellants' characterization of the 1927 conveyance as a "mortgage deed," it is argued that there must first be a determination of the nature of the transaction. The instruments pleaded in the complaint do not constitute a mortgage, hence the trust company was not obliged to observe section 2924 of the Civil Code and section 692 of the Code of Civil Procedure. It is evident from the language of the declaration of trust that the parties intended the Henrys to retain merely a personal property interest in the properties. As supporting this construction of the document, the trust company makes reference to the nature of the trust, the express waiver of section 3006 of the Civil Code relating to the

sale of pledged personal property, and the exclusive authority of the trustee to convey a legal title to any portion of the lands in question. In this connection, there is quoted another provision of the instrument which declares that ''the interest under this trust of said beneficiary and of each assignee . . . is personal property and that no such beneficiary has or shall have any right, title or interest in or to any property covered hereby.'' By the terms of the declaration of trust the trustee was not authorized to sell the real property upon the default of the Henrys and it was given no power to make a conveyance but was directed to sell and transfer the ''beneficial interest'' of the obligors. Moreover, the beneficiaries expressly waived the provisions of section 2924 of the Civil Code. And if the land was originally conveyed without consideration, the grantee, from the beginning, must have been a trustee. Finally, the argument concludes, as the appellants are bound by the express terms of the pleaded instruments and a contrary interpretation must be regarded as surplusage, the appellants' complaint is vulnerable to the plea of the statute of limitations.

The Strosniders argue that the first count is interrelated with the second and both are aimed at a removal of a cloud on the title. The first cause of action is barred by the provisions of sections 318 and 343 of the Code of Civil Procedure, they say, because the complaint shows that legal title is not vested in them. Furthermore, the cause of action accrued in 1930, when the declaration of trust was executed and the present action was not commenced until 1943. The count to remove a cloud upon title is subject to general demurrer because there are insufficient facts alleged pointing out the nature of the cloud. And, assuming that a count to quiet title is followed by the statement in a second cause of action of the particular facts upon which the plaintiff relies, and these facts show that the plaintiff is not entitled to recover, a demurrer to both causes of action should be sustained. The characterization of the transaction as a mortgage is not one of the facts admitted by the demurrer if the exhibits deny the pleader's conclusion to that effect.

The Strosniders take the same position as the trust company in regard to the effect of the decision in *Strosnider* v. *Superior Court*, 17 Cal.App.2d 647 [62 P.2d 1394]. They contend also that the Ephraims have pleaded no facts showing that an actual controversy exists, and the court may, in its discretion, refuse to exercise the power granted under section 1060 of

the Code of Civil Procedure where its declaration or determination is not necessary or proper at the time and under all the circumstances. (Code Civ. Proc., § 1061.) Furthermore, the Ephraims have a moral obligation to pay the debts and "he who seeks equity must first offer to do equity."

One who alleges that he is the owner of certain described real property, that defendants claim an interest therein adversely to him, that such claim is without right, and that the defendants have no estate, title or interest whatever in said premises or any part thereof pleads all that the law requires in an action to quiet title and, in such an action, the complaint need not particularly state the facts in regard to the asserted invalidity nor attack the instrument which is claimed to be a cloud against the title of the plaintiff. (Code Civ. Proc., § 738; *Thompson* v. *Moore,* 8 Cal.2d 367, 372 [65 P.2d 800, 109 A.L.R. 1027]; *California-Mich. L. & W. Co.* v. *Fletcher,* 206 Cal. 392, 394 [274 P. 527]; *Hyatt* v. *Colkins,* 174 Cal. 580, 581 [163 P. 1007]; *Castro* v. *Barry,* 79 Cal. 443, 447 [21 P. 946]; *Rough* v. *Simmons,* 65 Cal. 227 [3 P. 804].)

However, a complaint which consists of two counts, one to quiet title to real property and the other, as incidental to the first count, to have declared void an instrument under which particular defendants assert title states only one cause of action. (*Thompson* v. *Moore, supra,* p. 370, and cases cited therein; *Louvall* v. *Gridley,* 70 Cal. 507, 510 [11 P. 777]; *Stephan* v. *Obersmith,* 48 Cal.App.2d 199, 202 [119 P.2d 388].) And where, as is true in the present pleading, the count to quiet title in regard to particularly named defendants clearly shows that it is based upon the same facts which are pleaded in the cause to remove a cloud, a general demurrer of those defendants should be sustained if the second count reveals a defect in plaintiff's title or does not state a cause of action to remove a cloud. (*Martin* v. *Hall,* 219 Cal. 334, 338 [26 P.2d 288]; *Hamman* v. *Milne,* 179 Cal. 634 [178 P. 523]; see *Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484 [110 P.2d 396]; *Hibernia S. & L. Soc.* v. *Ordway,* 38 Cal. 679; *Hays* v. *Temple,* 23 Cal.App.2d 690 [73 P.2d 1248]; *Harris* v. *Kessler,* 124 Cal.App. 299 [12 P.2d 467].) A suit to quiet title must be distinguished from an action to remove a cloud on the title alleged to have been created by a designated instrument. In a suit to remove a cloud the complaint must state facts, not mere conclusions, showing the

apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid. (*Thompson* v. *Moore, supra; Castro* v. *Barry, supra; Hibernia S. & L. Soc.* v. *Ordway, supra; Kroeker* v. *Hurlbert,* 38 Cal.App.2d 261 [101 P.2d 101]; 4 Bancroft's Code Pleading, § 2188, p. 3900; 44 Am.Jur. § 79, p. 63.)

Turning to the second count of the complaint, the allegations clearly show that, after the Henrys conveyed the land to the trust company, they agreed in writing, in the form of the declaration of trust, upon their respective rights and those of Girlie Strosnider in regard to the terms and conditions under which the land should be held for subdivision and other purposes, and the rights of the creditors in the event of default. There is no charge that the declaration of trust was executed by them as the result of fraud or undue influence, nor that they acted under any mistake of law or of fact. In other words, the pleading affirmatively shows the execution and delivery of a declaration of trust expressly referring to the deed which had been made three years before and stating completely and with certainty the terms upon which title had been conveyed and received with no issue of fact concerning the effect which the parties intended to be given to their contract.

A voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor, indicating with reasonable certainty an intention on the part of the trustor to create a trust, and the subject, purpose and beneficiary of the trust. (Civ. Code, § 2221; see *Cahlan* v. *Bank of Lassen County,* 11 Cal.App. 533 [105 P. 765]; Rest., Trusts, §§ 17 (subd. a), 18.) And the primary rule in construction of trusts is that the court must, if possible, ascertain and effectuate the intention of the trustor or settlor. (*Title Ins. & Trust Co.* v. *Duffill,* 191 Cal. 629 [218 P. 14]; *Gunter* v. *Janes,* 9 Cal. 643; *Wright* v. *Security-First Nat. Bank,* 35 Cal.App.2d 264 [95 P.2d 194]; *Smith* v. *Bank of America etc. Assn.,* 14 Cal.App.2d 78 [57 P.2d 1363]; see Rest., Trusts, § 23.)

In the present case it clearly appears that the Henrys and the trust company intended to create a valid voluntary trust conforming to the provisions of section 2221 of the Civil Code for the purpose of subdividing, selling and accounting for the proceeds of sales of the real property in the manner specifically provided in the declaration of trust. Provision

was also made for the payment of the indebtedness to the trust company and Girlie Strosnider. The allegations of mere conclusions with respect to the legal construction of the instrument, and the averments in conflict with its provisions should be disregarded as surplusage. (*Peak* v. *Republic Truck Sales Corp.*, 194 Cal. 782 [230 P. 948]; *Stoddard* v. *Treadwell*, 26 Cal. 294; *Bashford* v. *A. Levy & J. Zentner Co.*, 123 Cal. App. 204 [11 P.2d 51]; *Meer* v. *Cerati*, 53 Cal.App. 497 [200 P. 501].) The extent of the interest of the beneficiary of a trust depends upon the manifestation of intention of the trustor, and ordinarily if real property is held in trust, and by the terms of the trust a duty is imposed upon the trustee to sell it and hold the proceeds in trust or distribute the proceeds, the interest of the beneficiary is personal property. (*Wright* v. *Security-First Nat. Bank, supra; Smith* v. *Bank of America etc. Assn., supra; Bank of America Assn.* v. *Sparr R. Corp.*, 20 Cal.App.2d 10 [66 P.2d 476]; *Houghton* v. *Pacific Southwest T. & S. Bank*, 111 Cal.App. 509 [295 P. 1079]; *Finnie* v. *Smith*, 83 Cal.App. 707 [257 P. 866]; see *Title Ins. & Trust Co.* v. *Duffill, supra; In re Walkerly*, 108 Cal. 627 [41 P. 772, 49 Am.St.Rep. 97]; *Ward* v. *Waterman*, 85 Cal. 488 [24 P. 930]; *Faires* v. *Title Ins. etc. Co.*, 15 Cal. App.2d 350 [59 P.2d 428]; *Craven* v. *Dominguez Estate Co.*, 72 Cal.App. 713 [237 P. 821]; Civ. Code, §863; Rest., Trust, §§ 128, 131, subd. (1); 13 Cal.L.Rev. 76.)

 Although the grantor in an ordinary trust deed given to secure a debt retains an interest in the real property, a different situation exists where property is conveyed and held under trust provisions such as those of the declaration agreed to by the Henrys. From the express intention of the parties and the nature and purposes stated in the declaration of trust, it is evident that the Henrys and Metropolitan Trust intended that the grantors should have only a personal property interest in the corpus of the trust. The trust company was given absolute title to the real property, a step necessary to effectuate the declared purposes of the trust in regard to the subdivision of the land. The trustee had the exclusive right to execute all deeds and agreements of sale affecting the property, to convey all necessary easements, and to dedicate to public use certain designated streets and alleys. Only if the indebtedness was paid in full by the grantors of the land and there was no subdivision sale of any part of it, could the Henrys have again acquired title to the same land they con-

veyed. It was the duty of the trustee to receive and disburse in the manner provided by the declaration the moneys paid for lots. And although the beneficiaries were to pay certain charges such as taxes and insurance, this was merely a condition imposed by the trustee before it would agree to assume the trust burden and does not indicate any reservation of title in the beneficiaries.

Furthermore, by its terms the trust agreement expressly limited the beneficial interest to personal property. That the interest of the Henrys was personal property was further evidenced by the beneficiaries' express waiver of the provisions of Civil Code section 3006 relating to the sale of pledged personal property. Nor was the title to revert to the beneficiaries immediately after the payment of the indebtedness, but was to continue for 20 years, or until all of the lots were sold and the other purposes of the trust carried out.

It thus appears that by an express trust the Henrys conveyed the real property to the trustee primarily for the purpose of sale, and incidentally for the purpose of security, and the deed and declaration, when construed together, clearly establish that it was the intention of the parties to convert the real property interest of the grantors into personal property.

█ Under such circumstances, since the whole estate vests in the trustee (Civ. Code, §§ 863, 864) and the trustee and its successors in interest have a superior title to that of the Henrys or their successors (Civ. Code, §§ 863, 865), an action to quiet title or remove a cloud will not lie in favor of the beneficiaries for whom the trustee holds the legal title in trust. The available remedy for such a plaintiff is either an action to enforce the trust and to obtain a conveyance of the legal title or one to compel the trustee to redress a breach of trust. (*Yoakam* v. *Kingery,* 126 Cal. 30 [58 P. 324]; *Harrigan* v. *Mowry,* 84 Cal. 456 [22 P. 658, 24 P. 48]; *Becker* v. *Highboy Coaster Trust,* 112 Cal.App. 219 [296 P. 651]; *Craven* v. *Dominguez Estate Co., supra;* see Rest., Trusts, §§ 198, 199 and Cal. Anno.) It has also been held that the grantor has the remedy of rescission (*Campbell* v. *Kennedy,* 177 Cal. 430 [170 P. 1107]), but the complaint of the Ephraims includes no facts which would warrant granting such relief. [10] And since no present legal controversy exists, a cause of action for declaratory relief is not stated. (Code Civ. Proc., § 1060; *City of Alturas* v. *Gloster,* 16 Cal.2d 46 [104 P.2d 810]; *Merkley* v. *Merkley,* 12 Cal.2d 543 [86 P.2d 89].)

■ The provisions of section 2924 of the Civil Code ordinarily do not apply to transfers of property held in trust but here the trustee agreed to sell the real property in the manner required by law for the sale of real property under a deed of trust. Resolving any ambiguity relating to waiver in favor of the Ephraims, they cannot successfully contend that the sale of the beneficial interest and the conveyance of the real property to R. H. Strosnider were void. ■ Although, according to the allegations of the complaint, the requirements for such sales were not fully complied with, the assignment and deed of the trust company at the most are only voidable and the Ephraims cannot obtain equitable relief without offering to do equity by paying the debt. (*Williams* v. *Koenig,* 219 Cal. 656, 660 [28 P.2d 351]; *Shimpones* v. *Stickney,* 219 Cal. 637, 649 [28 P.2d 673]; *Humboldt Sav. Bank* v. *McCleverty,* 161 Cal. 285, 290 [119 P. 82]; *Py* v. *Pleitner,* 70 Cal.App.2d 576 [161 P.2d 393]; *Carpenter* v. *Hamilton,* 59 Cal.App.2d 149, 151 [138 P.2d 355]; *Leonard* v. *Bank of America,* 16 Cal.App.2d 341 [60 P.2d 325].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

In affirming the judgment the majority opinion holds that where the first count of a complaint alleging a cause of action to quiet title shows that with respect to certain defendants it is based upon the same facts pleaded in the second count to remove a cloud from the title, a general demurrer of those defendants will be sustained if the second count reveals a defect in plaintiff's title or fails to state a cause of action; that in the present case the allegations of the second count are insufficient to show a cloud upon the title and, therefore, the trial court properly sustained the general demurrer.

With this conclusion I cannot agree. The allegations of the second count of the complaint in my opinion state facts which would justify a decree declaring that, notwithstanding the apparent validity of the deed and declaration of trust, those instruments are invalid, constituting clouds upon the title (Civ. Code, § 2911; *Faxon* v. *All Persons,* 166 Cal. 707 [137 P. 919, L.R.A. 1916B 1209]; *Banta* v. *Wise,* 135 Cal. 277 [67 P. 129]; *Hibernia S. & L. Soc.* v. *Ordway,* 38 Cal.

679, 681; *Hyatt* v. *Colkins,* 174 Cal. 580, 581 [163 P. 1007];
see *Kroeker* v. *Hurlbert,* 38 Cal.App.2d 261, 265 [101 P.2d
101]; *Castro* v. *Barry,* 79 Cal. 443 [21 P. 946]; Civ. Code,
§§ 3412-3415). Since these clouds afford grounds for a rea-
sonable apprehension that they may cause serious injury, the
Ephraims are entitled to have them removed. (Civ. Code,
§ 3412; *Patterson* v. *Clifford F. Reid, Inc.,* 132 Cal.App. 454,
547 [23 P.2d 35].)

It is urged that where a written contract, which is the foun-
dation of an action, is attached to the complaint and made a
part of it, the allegations of conclusions with respect to the
legal construction of the instrument and averments in conflict
with its clear provisions should be disregarded as surplusage.
(Citing *Peak* v. *Republic Truck Sales Corp.,* 194 Cal. 782
[230 P. 948]; *Stoddard* v. *Treadwell,* 26 Cal. 294; *Bashford*
v. *A. Levy & Zentner Co.,* 123 Cal.App. 204 [11 P.2d 51];
*Meer* v. *Cerati,* 53 Cal.App. 497 [200 P. 501].) But a deed
absolute on its face may be shown, by parol, to have been
intended as a mortgage. Regardless of the form of a con-
veyance of real property which was given as security for the
performance of an obligation it is, in equity, a mortgage. And
equity will look beyond the form in which the transaction is
clothed, and will grant such relief as is necessary to carry
out the true intent of the parties to the agreement. For the
purpose of determining that intent the court will consider
all of the facts and circumstances of the transaction. (*Beeler*
v. *American Trust Co.,* 24 Cal.2d 1 [147 P.2d 583]; *Vance* v.
*Anderson,* 113 Cal. 532 [45 P. 816].)

Here the Ephraims have alleged that the parties intended
the instruments to be a mortgage. The language of the instru-
ments does not conclusively negative that claim. All of the
circumstances surrounding the transaction, the conduct of
the parties, their declarations as to the purposes to be accom-
plished, their relations to one another and to the subject
matter, are proper subjects for consideration in a trial of
that issue. (*Beeler* v. *American Trust Co., supra; Jones* v.
*Dickerman,* 114 Cal.App. 357 [300 P. 135].) Upon demurrer
to a complaint all facts well pleaded must be taken as true,
and the case of the plaintiff must be considered as he has
stated it without investigation or inquiry as to its merits.
(*Favorite* v. *Superior Court,* 181 Cal. 621 [184 P. 15, 8 A.L.R.
290]; *Hevren* v. *Reed,* 126 Cal. 219 [58 P. 536].)

The contention that the cause of action is barred by sections

318, 319 and 343 of the Code of Civil Procedure is without merit. An action to quiet title to land under section 738 of the Code of Civil Procedure or to remove a cloud under sections 3412-3415 of the Civil Code may be brought by one out of possession, and the complaint need not allege that the plaintiff was in possession of the property. (*Hyatt* v. *Colkins*, *supra*, p. 581; *Casey* v. *Leggett*, 125 Cal. 664,672 [58 P. 264]; *People* v. *Center*, 66 Cal. 551, 556 [5 P. 263, 6 P. 481]; *Thompson* v. *Lynch*, 29 Cal. 189.) Nor is the cause of action to quiet title and to remove a cloud upon the title barred by the statute of limitations. This court has held that ''An outstanding adverse claim, which amounts only to a cloud upon the title, is a continuing cause of action, and is not barred by lapse of time, until the hostile claim is asserted in some manner to jeopardize the superior title. So long as the adverse claim lies dormant and inactive the owner of the superior title may not be incommoded by it and has the privilege of allowing it to stand indefinitely. Each day's assertion of such adverse claim gives a renewed cause of action to quiet title until such action is brought.'' (*Secret Valley Land Co.* v. *Perry*, 187 Cal. 420, 426 [202 P. 449]; see *Campbell* v. *Drais*, 125 Cal. 253 [57 P. 994]; *People* v. *Center*, *supra*, p. 565; *Stewart* v. *Thompson*, 32 Cal. 260.)

To state a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure appropriate facts should be alleged from which the court may determine that an actual controversy relating to legal rights and duties of the respective parties exists (*City of Alturas* v. *Gloster*, 16 Cal.2d 46, 48 [104 P.2d 810]; *Frasch* v. *London & Lancashire F. Ins. Co.*, 213 Cal. 219, 225 [2 P.2d 147]; *American Tel. & Tel. Co.* v. *California Bank*, 59 Cal.App.2d 46, 51 [138 P.2d 49]) and the proceeding is maintainable notwithstanding the fact that the applicant has an adequate remedy by means of an action at law or a suit in equity. (Code Civ. Proc., § 1062; *Adams* v. *Cook*, 15 Cal.2d 352, 362 [101 P.2d 484]; *Gunn* v. *Giraudo*, 48 Cal.App.2d 622, 630 [120 P.2d 177].) If the complaint is sufficient in form and substance and no facts appear showing that a determination is unnecessary or improper, it is an abuse of discretion to refuse the relief sought. (*Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 207 Cal. 215 [277 P. 487]; *Phelps* v. *Loop*, 53 Cal.App.2d 541 [128 P.2d 63]; *Zimmer* v. *Gorelnik*, 42 Cal.App.2d 440 [109 P.2d 34].)

It is contended that the respondents have a moral obligation to pay the debt and ''he who seeks equity must first offer to do equity.'' But the rule that notwithstanding the lien of a mortgage is extinguished by the barring of the debt by limitations, the mortgagor cannot, without paying the debt, quiet title against the mortgagee, is not applicable to a grantee of mortgaged property who takes title after the running of the statute. (*Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 639 [250 P. 669, 48 A.L.R. 1308] ; *Muhs* v. *Hibernia S. & L. Soc.,* 166 Cal. 760 [138 P. 352] ; *Faxon* v. *All Persons, supra.*)

Regarding the contention that a bankruptcy court made certain orders in connection with the administration of the property of the Henrys, ordinarily a court takes judicial notice only of proceedings in the same case, although, under some circumstances, it will extend the rule to other cases in the same court in the interests of justice. (*Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 711 [134 P.2d 800].) However, to hold that a court may generally take such notice of another proceeding with a view to determining whether it is a bar to a pending suit would do away with the rule that although the defense of lack of jurisdiction is never waived, it can be raised by demurrer only if the facts giving rise to such a defense appear upon the face of the complaint. (Code Civ. Proc., § 430; *Doll* v. *Feller,* 16 Cal. 432, 433; *Schwartz, Inc.* v. *Burnett Phar.,* 112 Cal.App.Supp. 781, 786 [295 P. 508] ; see *Willson* v. *Security-First Nat. Bank, supra,* p. 711.) In the absence of such facts, the plea of either lack of jurisdiction or res judicata must be made by answer or appropriate motion. (Code Civ. Proc., § 433; *Doll* v. *Feller, supra; Willson* v. *Security-First Nat. Bank, supra,* p. 710; *Talbot* v. *City of Pasadena,* 28 Cal.App.2d 271, 273 [82 P.2d 483].) In the present controversy it is apparent that the respondents are urging the defense of res judicata rather than lack of jurisdiction and no facts appear upon the face of the complaint which would warrant an order sustaining a demurrer upon that ground.

A plaintiff who has declined to amend his complaint, after general and special demurrers have been sustained with leave to do so must stand upon his pleading as against both grounds of demurrer. (*Aalwyn* v. *Cobe,* 168 Cal. 165, 173 [142 P. 79] ; *Martinovich* v. *Wooley,* 128 Cal. 141, 144 [60 P. 760].) However, a special demurrer should not be sustained where the allegations of the complaint are sufficiently clear to ap-

prise the defendant of the issues which he is to meet (*People v. Lim,* 18 Cal.2d 872, 882 [118 P.2d 472]; *Jacobson* v. *Oakland Meat etc. Co.,* 161 Cal. 425, 433 [119 P. 653, Ann.Cas. 1913B 1194]) and as a complaint is invulnerable to general demurrer if upon any theory it states a cause of action (*Johnson* v. *Clark,* 7 Cal.2d 529, 536 [61 P.2d 767]), the order made by the court in this action was erroneous.

The judgment should be reversed.

Appellants' petition for a rehearing was denied October 10, 1946. Carter, J., voted for a rehearing.